Xavier Garcia CHACON, Appellant,

v.

The STATE of Texas, Appellee.

No. 55378.

Court of Criminal Appeals of Texas.

Dec. 7, 1977.

Michael L. McLeaish, Odessa, for appellant.

John H. Green, Dist. Atty., and Roger W. Jones, Asst. Dist. Atty., Odessa, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal is taken from an order revoking probation.

On October 21, 1974, appellant entered a plea of guilty before the court to the offense of forgery by passing. Punishment was assessed at ten (10) years, but the imposition of sentence was suspended and appellant was placed on probation.

Among the conditions of appellant's probation were the following conditions:

"(b) Avoid injurious or vicious habits; abstain from the use of DRUGS, NARCOTICS, AND INTOXICATING LIQUORS ;" and

"(i) He may not possess, use, sell, or have under his control any NARCOTIC DRUGS, DEADLY WEAPON, or any type of FIREARMS." (Emphasis supplied.)

■ A trial court in imposing probationary conditions in a felony case where probation has been granted by the court is not limited to the probationary conditions set forth in § 6 of Article 42.12, Vernon's Ann. C.C.P., so long as the condition imposed is a reasonable one. *Peach v. State,* 498 S.W.2d 192 (Tex.Cr.App.1973); *Salinas v. State,* 514 S.W.2d 754 (Tex.Cr.App.1974); *Tamez v. State,* 534 S.W.2d 686 (Tex.Cr.App.1976).

■ The underscored portion of conditions (b) and (i) were not probationary conditions set forth in said § 6 of Article 42.12, supra, but are reasonable conditions set by the trial court.

On March 8, 1976, a motion to revoke appellant's probation was filed. Said motion alleged that the appellant:

"1. On or about 12–28–74 — Committing an offense against the laws of this State: to-wit: Driving While Intoxicated.

"2. On or about 2–23–76 — Failure to avoid injurious or vicious habits: To-wit: The use of heroin."

On March 8, 1976, a hearing was conducted on the State's motion to revoke probation. The sole witness was John Lyon, Adult Probation Officer of Ector County. Lyon related the appellant made his monthly report in person on February 27, 1976 at the probation office. While the appellant was in the office, Lyon observed what appeared to be a bump on appellant's arm which was infected. At first appellant claimed he had a tattoo infection, but then admitted that "he had shot heroin the previous Monday." Lyon related there was only one "fresh" needle mark on appellant's arm and that appellant admitted to only one use of heroin. The appellant did not testify and offered no evidence in his behalf.

At the conclusion of the hearing, the trial judge stated from the bench:

"It is the order of the Court that the defendant, Xavier Garcia Chacon, has been found guilty of violating the terms of his probation in that by his own admission in the second count of the motion to revoke he admitted using heroin on or about the 23rd day of February, 1976, and that his probation should be revoked and sentence made final herein."

On March 16, 1976, the written order revoking probation was filed setting forth the basis for revocation as:

"ON the 23rd day of February, 1976, failure to avoid injurious or vicious habits: To-wit: the use of heroin."

An amended order of the court, dated June 15, 1977, recites that appellant violated the terms of his probation in the following respects, to-wit:

"On the 23rd day of February, 1976, failure to abstain from the use of narcotics: to-wit: the use of heroin.

"On the 23rd day of February, 1976, possessing, using and having under his control a narcotic drug, to-wit: heroin."

On appeal appellant urges that the court's finding that he failed to avoid injurious or vicious habits is not supported by the evidence.

■ The evidence adduced at the revocation hearing that appellant had used heroin only once will not support the written order of March 10, 1976. A single instance of the use of a drug cannot be characterized as a habit under the decisions of this court. *Morales v. State,* 538 S.W.2d 629 (Tex.Cr.App. 1976); *Marshall v. State,* 466 S.W.2d 582 (Tex.Cr.App.1971); *Campbell v. State,* 456 S.W.2d 918 (Tex.Cr.App.1970).

Does this call for a reversal of the order of revocation as appellant contends? We conclude that it does not.

It is well settled that allegations in a revocation motion need not be made with the same particularity of an indictment although such allegations must be specific enough to give the accused notice of alleged violation of law contrary to conditions of probation. *Wilcox v. State,* 477 S.W.2d 900 (Tex.Cr.App.1972); *Rhodes v. State,* 491 S.W.2d 895 (Tex.Cr.App.1973); *Mason v. State,* 495 S.W.2d 248 (Tex.Cr.App.1973); *Fowler v. State,* 509 S.W.2d 871 (Tex.Cr. App.1974); *Tamez v. State,* supra. While the motion here was drafted in terms of failure to avoid injurious or vicious habits, it also alleged the use of heroin contrary to the underscored portions of conditions (b) and (i) above. And none of the cases holding the single use of a drug is not a habit involved probationary conditions like the underscored portions of conditions (b) and (i) in the instant case.

At the conclusion of the hearing, the trial court found that appellant had violated his probationary conditions by using heroin. There was no finding as to an injurious or vicious habit, but only that appellant had used heroin, a violation of said portions of conditions (b) and (i). At the time there was no objection to the court's finding, although appellant's counsel urged that appellant be continued on probation and be required to enter the drug abuse center at Vernon.

It is true that the written order revoking probation contained the finding:

> "ON the 23rd day of February, 1976, failure to avoid injurious or vicious habits: To-wit: the use of heroin."

This appears to be a clerical mistake by a clerk who perhaps had only the benefit of a revocation motion and not the transcription of the court reporter's notes. When this mistake was noted, the court entered an amended order of revocation finding that appellant on February 23, 1976 had failed to abstain from the use of heroin and had possessed, used and had under his control heroin.

It is true that probation may not be revoked upon a finding of any violation of any probationary condition other than that alleged or necessarily included within the allegations of that alleged in the motion to revoke probation. *Pickett v. State,* 542 S.W.2d 868, 870 (Tex.Cr.App.1976), and cases there cited. In the instant case, while the revocation motion was not carefully drafted, it did allege the use of heroin by appellant on February 23, 1976, which reflected a violation of the underscored portions of conditions (b) and (i). While the allegation was preceded by "Failure to avoid injurious or vicious habits: to-wit:" the appellant did not in the trial court nor now claim he was misled as to what he was called upon to defend against. The court did not base its finding upon a violation of a probationary condition separate and distinct from the one alleged in the motion to revoke probation.

To reverse this case, send it back for the district attorney to allege "on or about 2–23–76 Use of heroin" in a new revocation motion, have the same evidence heard, and have probation revoked with the possibility of another appeal is unnecessary spinning of the judicial wheels. We should not require a useless thing. *Taylor v. State,* 482 S.W.2d 246 (Tex.Cr.App.1972); *Ramirez v. State,* 486 S.W.2d 373 (Tex.Cr.App.1972); *Rice v. State,* 548 S.W.2d 725 (Tex.Cr.App. 1977).

Finding no abuse of discretion, the judgment is affirmed.