In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-02-00185-CR
______________________________


XAVIER HERNANDEZ BAROCIO, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 228th Judicial District Court
Harris County, Texas
Trial Court No. 866960


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Xavier Hernandez Barocio pled guilty to possession of cocaine, with intent to deliver,
in an amount weighing more than 200 grams, but less than 400 grams. The trial court
sentenced him to ten years' imprisonment and a $2,500.00 fine. His sentence was
suspended, and he was placed on community supervision for ten years. Approximately
one year later, the State filed a motion to revoke community supervision, alleging Barocio
did not abide by the following provisions of his community supervision: 
 
1.Commit no offense against the laws of this or any other State or of the
United States or any municipality of the State of Texas. 
 
2.Abstain from the use of narcotics, controlled substances, marijuana
and all alcoholic beverages. 
 
6.Work faithfully at suitable employment and notify the Community
Supervision Officer prior to changing employment. Present written
verification of employment on each reporting date to your Community
Supervision Officer. 
 
11.Perform 20 hours of community service per month beginning
September 30, 2001 until the maximum amount of hours allowed by law is
completed or until discharged by the Court.

          At the revocation hearing, Barocio pled that "some of [the allegations] are true and
some of them ain't true." The court entered a plea of not true for Barocio. At the
conclusion of the hearing, the trial court granted the motion to revoke, finding Barocio
violated the conditions of his community supervision as follows:
 
Defendant committed offense of DWI, 6-16-02; Defendant used marihuana
on 2-28-02; Defendant failed to present written verification of employment;
Defendant failed to participate in community service; Defendant failed to
maintain faithful and suitable employment.

          The trial court sentenced Barocio to the maximum ten years' imprisonment, but
reduced the fine to $1,000.00. Barocio appeals, contending that there was insufficient
evidence to prove any of the specific allegations in the motion to revoke and that the trial
court erred in admitting his community supervision file into evidence.
          We review the trial court's decision regarding community supervision revocation for
an abuse of discretion and examine the evidence in a light most favorable to the trial
court's order. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). 
To revoke community supervision, the state must prove every element of at least one
ground for revocation by a preponderance of the evidence. Tex. Code Crim. Proc. Ann.
art. 42.12, § 21 (Vernon Supp. 2004); Moore v. State, 11 S.W.3d 495, 498 (Tex.
App.—Houston [14th Dist.] 2000, no pet.). The trial court holds broad discretion over
community supervision, its revocation, and its modification. See Tex. Code Crim. Proc.
Ann. art. 42.12, § 21. Considering the unique nature of the revocation hearing and the trial
court's broad discretion in the proceedings, the general standards for reviewing factual
sufficiency do not apply. See Cochran v. State, 78 S.W.3d 20, 27 (Tex. App.—Tyler 2002,
no pet.); Becker v. State, 33 S.W.3d 64, 66 (Tex. App.—El Paso 2000, no pet.). If the
greater weight of credible evidence creates a reasonable belief a defendant has violated
a condition of community supervision, the trial court did not abuse its discretion and its
order of revocation must be upheld. Scamardo v. State, 517 S.W.2d 293, 298 (Tex. Crim.
App. 1974).
Use of Marihuana
          The State alleged Barocio violated his community supervision by using marihuana
February 28, 2002. At the revocation hearing, Victor Nava, Barocio's supervision officer,
testified Barocio was given a urinalysis test February 28, 2002, which came back "dirty" for
marihuana. He also testified Barocio confirmed the results of the urinalysis test by
admitting at a supervision meeting he had used marihuana. Barocio testified at the hearing
and admitted he used marihuana during the month of February 2002, "about
February 16th."
          Barocio contends the evidence in support of the trial court's finding is insufficient
because it does not establish he used marihuana specifically on February 28, 2002, as
alleged in the motion to revoke and as found by the trial court. Barocio's contention is an
issue of variance between the allegation in the motion to revoke and the evidence offered
at the revocation hearing. See Gollihar v. State, 46 S.W.3d 243, 247 (Tex. Crim. App.
2001); Pierce v. State, 113 S.W.3d 431, 435–36 (Tex. App.—Texarkana 2003, pet. ref'd);
Moore, 11 S.W.3d at 498–99.
          According to the minimum requirements of due process, a person on community
supervision is entitled to a written motion to revoke that fully informs such person of the
violation of a term of community supervision which he or she is alleged to have breached. 
Pierce, 113 S.W.3d at 436; Moore, 11 S.W.3d at 499, citing Caddell v. State, 605 S.W.2d
275, 277 (Tex. Crim. App. [Panel Op.] 1980). Additionally, the authority of the trial court
to revoke community supervision is limited by the allegations of which the accused had due
notice, i.e., those contained in the written motion to revoke. Moore, 11 S.W.3d at 499. 
Yet, a motion to revoke community supervision is not required to meet the particularities
of an indictment, information, or complaint, and is held to a less rigorous standard. See
Champion v. State, 590 S.W.2d 495, 497 (Tex. Crim. App. [Panel Op.] 1979); Pierce, 113
S.W.3d at 436; Moore, 11 S.W.3d at 499. All that is required is that the motion to revoke
fully and clearly set forth the bases on which the state seeks revocation so that the
accused and his or her counsel have notice. See Leyva v. State, 552 S.W.2d 158, 162
(Tex. Crim. App. 1977).
          A "variance" occurs when there is a discrepancy between the allegations in the
charging instrument and the proof at trial. Gollihar, 46 S.W.3d at 246. In a typical variance
situation, the state has proved the defendant guilty of a crime, but has proved its
commission in a manner that varies from the allegations in the charging instrument. See
id. In Texas, variance claims have routinely been treated as insufficiency of the evidence
problems, rather than as notice-related claims. Id. at 247. Regardless of how variances
are treated, a variance is material only if it operated to the defendant's surprise or
prejudiced such defendant's rights. Id. at 257; Human v. State, 749 S.W.2d 832, 837 (Tex.
Crim. App. 1988); Moore, 11 S.W.3d at 500. When reviewing such a variance, we must
determine whether the charging instrument, as written, informed the defendant of the
charge against him or her sufficiently to allow the defendant to prepare an adequate
defense at trial and whether prosecution under the deficiently drafted instrument would
subject the defendant to the risk of being prosecuted later for the same crime.


 The fatal
variance doctrine is applicable to revocations of community supervision. Moore, 11
S.W.3d at 499–00, citing Taylor v. State, 592 S.W.2d 614, 615 (Tex. Crim. App. [Panel
Op.] 1980).
          The variance in this case is that the evidence at the revocation hearing established
Barocio had used marihuana in February 2002, not specifically on the day of February 28,
2002, as alleged. A motion to revoke is not required to meet the particularities of an
indictment. A review of the allegations in the application for revocation and the proof at the
hearing reveals that the variance was not material because it did not operate to Barocio's
surprise or prejudice his rights. The motion to revoke set out the violation of community
supervision Barocio had committed, i.e., the failure to abstain from the use of marihuana. 
The evidence at the revocation hearing established Barocio had violated the terms of his
community supervision by using marihuana. Barocio did not claim in the trial court, nor
does he claim before this Court, he was misled as to what he was called on to defend
against. There was, therefore, no surprise as to the violation of community supervision
Barocio allegedly committed. See Chacon v. State, 558 S.W.2d 874, 876 (Tex. Crim. App.
1977); Pierce, 113 S.W.3d at 441–42. The variance between the time alleged in the
motion and the time proved at the hearing did not act to surprise Barocio, as the motion
adequately informed him that the time he allegedly used marihuana was during the month
of February 2002. The motion to revoke, as written, informed Barocio of the charge
against him sufficiently to allow him to prepare an adequate defense at the revocation
hearing. See Bradley v. State, 608 S.W.2d 652, 655 (Tex. Crim. App. 1980); Chacon, 558
S.W.2d at 876; Pierce, 113 S.W.3d at 441; Dittoe v. State, 935 S.W.2d 164, 165 (Tex.
App.—Eastland 1996, no pet.). Because the defects in the motion to revoke did not
mislead or surprise Barocio, and therefore did not prejudice his defense, the variance
between the allegations and proof was not fatal. Further, Barocio admitted using
marihuana "about February 16th." The variance between that date and the date alleged
in the motion, February 28, is not so great as to prejudice Barocio's defense. Barocio was
given fair notice by the motion to revoke and was therefore afforded the real opportunity
to prepare a defense without surprise. The evidence presented at the revocation hearing,
namely Barocio's admission, was sufficient to prove by a preponderance of the evidence
he failed to abstain from the use of marihuana, and thereby violated a condition of his
community supervision, as alleged. 
Failure to Complete Community Service Hours
          The conditions of Barocio's community supervision required him to perform twenty
hours of community service per month, beginning September 30, 2001. Barocio admitted
at the revocation hearing he lacked the required community service hours. He testified he
lacked around fifty-nine of the required hours of community service. No evidence was
offered to show Barocio had performed the required hours of community service. We find
the trial court did not abuse its discretion in finding that Barocio had not performed
community service as required by the conditions of his community supervision. 
Failure to Verify Employment
          Barocio further testified that, at various times during his community supervision, he
did not offer written verification of his employment. Barocio's community supervision
conditions required him to present to his community supervision officer written verification
of employment at each reporting date. Barocio contended at the revocation hearing he
maintained employment at Leal Excavation during the entirety of his community
supervision. He admitted, however, there were times when he did not provide written
verification of employment to his community supervision officer. Nava testified Barocio had
failed to provide written verification of employment in November 2001, and in January,
February, March, May, and June 2002. No evidence was offered to the contrary. We find 
the trial court did not abuse its discretion in finding that Barocio had failed to provide written
verification of employment in violation of his community supervision.
Other Alleged Violations
          Proof by a preponderance of the evidence of any one of the alleged violations of
community supervision is sufficient to sustain a revocation of that supervision. Moore, 11
S.W.3d at 498. We therefore find it unnecessary to discuss the other alleged violations 
that Barocio committed the offense of driving while intoxicated and failed to maintain
suitable employment.
Admissibility of Community Supervision File
          At the revocation hearing, the trial court admitted Barocio's entire community
supervision file into evidence. Barocio contends this was improper. We again find it
unnecessary to discuss Barocio's contentions in this regard, as we have not relied on any
part of his community supervision file in our analysis. The other evidence, as discussed
above, is overwhelming that Barocio violated at least three conditions of his community
supervision. Independent of the community supervision file, Barocio admitted that he used
marihuana, that he failed to perform the required community service, and that he failed to
provide written verification of employment, all in violation of the terms and conditions of his
community supervision. Any error in the admission of the community supervision file was,
therefore, harmless.
 

Conclusion
          We affirm the judgment.
 
                                                                Donald R. Ross                                                                                                       Justice

Date Submitted:      January 28, 2004
Date Decided:         January 29, 2004

Do Not Publish