NO. 07-06-0311-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MAY 30, 2007


______________________________



PEDRO SANTILLANO, 



 Appellant


v.



PAT I. MARTIN, 



 Appellee

_________________________________



FROM THE 285TH DISTRICT COURT OF BEXAR COUNTY;



NO. 2004-CI-18165; HON. MARTHA TANNER, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Pedro Santillano appeals from a judgment granting Pat I. Martin specific
performance of a contract. The latter purported to obligate Santillano to sell a tract of land
for $63,500. Martin sought a judgment compelling Santillano to convey the realty per the
alleged agreement. Via three issues, Santillano contends that the purported agreement
could not be the subject of specific performance. We agree and reverse the judgment.

 

 Background

 The supposed written agreement Martin sought to enforce simply contained
Santillano's name followed by the address "147 Fantasia, San Antonio, Texas 78216." 
Following the aforementioned addressed appeared this verbiage: "Agree to sell 6.67 acres
[with '+ - 1' below the 6.67] 11599 Foster Rd. for $63,500 w/ $500.00 earnest money." A
signature, purportedly that of Santillano, and the notations "10-08-04" and "CK# 4390
$500.00 -10-08-04" ended the memorandum. Again, nothing else appeared in it.

 Authority

 Specific performance may be ordered only if the essential terms of the contract are
expressed with reasonable certainty. Johnson v. Snell, 504 S.W.2d 397, 398 (Tex. 1973). 
This means a certainty greater than that normally required when attempting to enforce the
contract via an action at law for damages. Guzman v. Acuna, 653 S.W.2d 315, 318 (Tex.
App.-San Antonio 1983, writ dism'd). Moreover, those terms must be sufficiently precise
to enable a court to determine the respective obligations of the parties without resorting to
parol evidence. Id.; accord, Langley v. Norris, 141 Tex. 405, 173 S.W.2d 454, 459 (1943)
(so holding); Abraham Inv. Co. v. Payne Ranch, Inc., 968 S.W.2d 518, 527 (Tex.
App.-Amarillo 1998, pet. denied) (so holding). So too must the description of the realty
subject to conveyance be reasonably certain, and one that alludes only to an address
without reference to any city, county or state in which the land is located "is palpably
insufficient to support . . . specific performance . . . ." Wilson v. Fisher, 144 Tex. 53,188
S.W.2d 150, 154 (1945).

 Here, we have a memorandum that fails to name or describe the buyer. 
Furthermore, the property's description consists of only a partial street address without
reference to any particular city, county, state or nation. (1) Without reference to a buyer in
the agreement, a court cannot determine the obligations of all the parties unless parol is
considered. Indeed, without a promise to buy, it cannot be said that Martin agreed to buy
anything. Moreover, without the document containing a correct street address
accompanied by allusion to the city, county or state wherein the address is located, a court
cannot determine where the land is without admitting parol. Wilson v. Fisher, supra. Given
these deficiencies, the memorandum at issue here is not, as a matter of law, reasonably
certain or susceptible to specific performance.

 Accordingly, we sustain Santillano's issues, reverse the trial court's judgment and
render judgment denying Martin specific performance.


 Brian Quinn

 Chief Justice 

 

 

1. We also note that if the address appearing in the judgment is the correct one, it differs from the one
in the memorandum. The latter speaks of "11599 Foster Rd." while the former describes a "11599 S. Foster
Rd." (Emphasis added). 


8
______________________________

JASON DEWAYNE POTEET, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 50TH DISTRICT COURT OF COTTLE COUNTY;

NO. 2782; HONORABLE W. H. HEATLY, JUDGE
_______________________________


Before CAMPBELL and PIRTLE, JJ., and REAVIS, S.J.



MEMORANDUM OPINION
          Appellant Jason Dewayne Poteet appeals from the revocation of his community
supervision. Via two points of error, appellant contends the trial court violated his
constitutional rights in permitting the State to go forward with its amended motion to revoke
despite lack of personal service on appellant. We affirm.       
 
Background
          In May 2002, on his plea of guilty, appellant was convicted of delivery of a controlled
substance, cocaine, in an amount less than one gram.


 Appellant was assessed a two-year state jail sentence that was probated for five years. Appellant was placed on
community supervision, subject to certain terms and conditions. 
          In February 2006, the State filed a motion to revoke appellant’s community
supervision. Pursuant to the trial court’s capias, he was arrested on April 6, 2006. On April
18, the trial court signed an order appointing Dale Rabe to represent appellant, and on
April 19, the State filed a first amended motion to revoke. That motion was heard before
the trial court on May 16. 
          The February 2006 motion to revoke alleged appellant had violated the requirement
of his community supervision that he abstain from the use of intoxicating substances. It
alleged appellant used marijuana on or about seven dates ranging from June 21, 2004
through January 17, 2006. The motion also alleged numerous failures to report and
failures to pay costs, fines, restitution and fees. 
          The first amended motion corrected the date of appellant’s original offense, added
two allegations of marijuana use and deleted some of the other marijuana use allegations. 
It also added additional months of delinquency to the paragraphs alleging failures to pay. 
          On May 1, Mr. Rabe filed a motion to withdraw as counsel, which was granted, and
new counsel, Earl Griffin, Jr., was appointed. Mr. Griffin represented appellant at the May
16 hearing, where appellant pled “not true” to the State’s allegations. The State presented
the testimony of appellant’s probation officer, who testified to various violations, including
appellant’s acknowledged use of marijuana on or about January 23 to January 27, 2006
and June 25, 2005. The probation officer further testified that appellant failed to report as
required, failed to pay restitution, court costs, fines, attorney’s fees, and supervision fees
as required. The defense presented the testimony of the Cottle County sheriff, and
appellant testified. 
          The trial court found the evidence of some alleged violations lacking, but found
others true, revoked appellant’s community supervision and assessed punishment at two
years in the State Jail Division of the Texas Department of Criminal Justice. Appellant filed
a motion for new trial, challenging the sufficiency of the evidence to support revocation,



and timely filed his notice of appeal. 
          On appeal, appellant urges the revocation order and sentence must be reversed
because the trial court violated rights guaranteed him under the Fourteenth Amendment
to the United States Constitution and Article 1, Section 19 of the Texas Constitution


 when
it permitted the State to proceed with its first amended motion to revoke without personally
serving him with the motion.
Analysis
          In a revocation proceeding, the State must prove by a preponderance of the
evidence that appellant violated a condition of community supervision as alleged in the
motion to revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App.1993), Herrera v.
State, 951 S.W.2d 197, 199 (Tex.App.–Corpus Christi 1997, no pet.). When the State
alleges more than one violation, proof of any one of them will support revocation. Moore
v. State, 11 S.W.3d 495, 498 (Tex.App.–Houston [14th Dist.] 2000, no pet.). The trial judge
in such a proceeding is the sole trier of fact. Id.; Taylor v. State, 604 S.W.2d 175, 179
(Tex.Crim.App.1980).
          Due process entitles probationers facing a revocation proceeding to written notice
of their alleged violations of the terms of community supervision. Ruedas v. State, 586
S.W.2d 520, 523 (Tex.Crim.App. 1979), citing Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct.
1756, 36 L.Ed.2d 656 (1973); Weed v. State, 891 S.W.2d 22, 24 n.4 (Tex.App.–Fort Worth
1995, no writ). An application to revoke need not meet the specificity requirements of an
indictment or information; it is sufficient that the State allege a violation of the law and give
the probationer fair notice. Pierce v. State, 113 S.W.3d 431, 436 (Tex.App.–Texarkana
2003), citing Chacon v. State, 558 S.W.2d 874, 876 (Tex.Crim.App. 1977). A person on
community supervision is entitled to a written application to revoke that fully informs him
or her of the term of probation he or she is alleged to have breached. Id. The application
must clearly set out the basis on which the State seeks revocation so that a probationer
and his or her counsel have fair notice. Id. 
          Evidence showed that appellant was given a copy of the State’s February 2006
motion to revoke when he was arrested on April 6. Evidence also showed that the
probation officer provided a copy of the first amended motion to appellant’s then-counsel
Mr. Rabe on April 20, the day after it was filed.
          We are unable to see a Due Process Clause violation in these events. Case law
has recognized the common practice of serving a probationer with a copy of a revocation
motion,


 see, e.g., Campbell v. State, 456 S.W.2d 918, 920 n.3 (Tex.Crim.App. 1970), but
appellant does not cite us to authority constitutionally requiring that pre-hearing notice of
an amended motion to revoke be given in every case by means of personal service on the
probationer. The cases he cites do not suggest such a constitutional requirement. 
Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.ed.2d 484 (1972) (minimum
due process requirements for parole revocation hearing include “written notice of the
claimed violations of parole”); Gagnon, 411 U.S. at 786 (stating similar minimum
requirements for probation revocation hearing); Ruedas, 586 S.W.2d at 523; Weed, 891
S.W.2d at 24 n.4 (both also referring to requirement of “written notice”). Nor does it appear
sending the amended motion to his attorney in this instance provided written notice that
was constitutionally defective.


 
          Finding no merit in appellant’s claim of deprivation of his Fourteenth Amendment
right to due process of law, we overrule his first point of error and affirm the trial court’s
judgment.
 
                                                                           James T. Campbell

                                                                                    Justice





Do not publish.