NO. 07-06-0238-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 27, 2008
_____

JASON DEWAYNE POTEET, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 50TH DISTRICT COURT OF COTTLE COUNTY;

NO. 2782; HONORABLE W. H. HEATLY, JUDGE
_____

Before CAMPBELL and PIRTLE, JJ., and REAVIS, S.J.[1]

**MEMORANDUM OPINION**

Appellant Jason Dewayne Poteet appeals from the revocation of his community supervision. Via two points of error, appellant contends the trial court violated his constitutional rights in permitting the State to go forward with its amended motion to revoke despite lack of personal service on appellant. We affirm.

_____

[1] Don H. Reavis, Senior Judge, Seventh Court of Appeals, sitting by assignment.

Background

In May 2002, on his plea of guilty, appellant was convicted of delivery of a controlled substance, cocaine, in an amount less than one gram.[2] Appellant was assessed a two-year state jail sentence that was probated for five years. Appellant was placed on community supervision, subject to certain terms and conditions.

In February 2006, the State filed a motion to revoke appellant's community supervision. Pursuant to the trial court's capias, he was arrested on April 6, 2006. On April 18, the trial court signed an order appointing Dale Rabe to represent appellant, and on April 19, the State filed a first amended motion to revoke. That motion was heard before the trial court on May 16.

The February 2006 motion to revoke alleged appellant had violated the requirement of his community supervision that he abstain from the use of intoxicating substances. It alleged appellant used marijuana on or about seven dates ranging from June 21, 2004 through January 17, 2006. The motion also alleged numerous failures to report and failures to pay costs, fines, restitution and fees.

The first amended motion corrected the date of appellant's original offense, added two allegations of marijuana use and deleted some of the other marijuana use allegations. It also added additional months of delinquency to the paragraphs alleging failures to pay.

_____

[2] *See* Tex. Health & Safety Code Ann. § 481.112(b) (Vernon 2001). This is a state jail felony punishable by confinement in a state jail facility for a term of not more than two years or less than 180 days and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.35 (Vernon 2007).

On May 1, Mr. Rabe filed a motion to withdraw as counsel, which was granted, and new counsel, Earl Griffin, Jr., was appointed. Mr. Griffin represented appellant at the May 16 hearing, where appellant pled "not true" to the State's allegations. The State presented the testimony of appellant's probation officer, who testified to various violations, including appellant's acknowledged use of marijuana on or about January 23 to January 27, 2006 and June 25, 2005. The probation officer further testified that appellant failed to report as required, failed to pay restitution, court costs, fines, attorney's fees, and supervision fees as required. The defense presented the testimony of the Cottle County sheriff, and appellant testified.

The trial court found the evidence of some alleged violations lacking, but found others true, revoked appellant's community supervision and assessed punishment at two years in the State Jail Division of the Texas Department of Criminal Justice. Appellant filed a motion for new trial, challenging the sufficiency of the evidence to support revocation,[3] and timely filed his notice of appeal.

On appeal, appellant urges the revocation order and sentence must be reversed because the trial court violated rights guaranteed him under the Fourteenth Amendment to the United States Constitution and Article 1, Section 19 of the Texas Constitution[4] when

---

[3] The evidentiary sufficiency challenge is not repeated on appeal.

[4] Appellant's argument based on the Texas Constitution's requirements does not differ from his Fourteenth Amendment argument. We therefore do not address the state constitutional argument separately. *Muniz v. State*, 851 S.W.2d 238, 251-52 (Tex.Crim.App. 1993).

it permitted the State to proceed with its first amended motion to revoke without personally serving him with the motion.

Analysis

In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State,* 851 S.W.2d 871, 874 (Tex.Crim.App.1993), *Herrera v. State,* 951 S.W.2d 197, 199 (Tex.App.–Corpus Christi 1997, no pet.). When the State alleges more than one violation, proof of any one of them will support revocation. *Moore v. State*, 11 S.W.3d 495, 498 (Tex.App.–Houston [14th Dist.] 2000, no pet.). The trial judge in such a proceeding is the sole trier of fact. *Id.; Taylor v. State,* 604 S.W.2d 175, 179 (Tex.Crim.App.1980).

Due process entitles probationers facing a revocation proceeding to written notice of their alleged violations of the terms of community supervision. *Ruedas v. State,* 586 S.W.2d 520, 523 (Tex.Crim.App. 1979), *citing Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Weed v. State,* 891 S.W.2d 22, 24 n.4 (Tex.App.–Fort Worth 1995, no writ). An application to revoke need not meet the specificity requirements of an indictment or information; it is sufficient that the State allege a violation of the law and give the probationer fair notice. *Pierce v. State,* 113 S.W.3d 431, 436 (Tex.App.–Texarkana 2003), *citing Chacon v. State*, 558 S.W.2d 874, 876 (Tex.Crim.App. 1977). A person on community supervision is entitled to a written application to revoke that fully informs him or her of the term of probation he or she is alleged to have breached. *Id.* The application

4

must clearly set out the basis on which the State seeks revocation so that a probationer and his or her counsel have fair notice.  *Id.*

Evidence showed that appellant was given a copy of the State's February 2006 motion to revoke when he was arrested on April 6.  Evidence also showed that the probation officer provided a copy of the first amended motion to appellant's then-counsel Mr. Rabe on April 20, the day after it was filed.

We are unable to see a Due Process Clause violation in these events.  Case law has recognized the common practice of serving a probationer with a copy of a revocation motion,[5] *see, e.g., Campbell v. State*, 456 S.W.2d 918, 920 n.3 (Tex.Crim.App. 1970), but appellant does not cite us to authority *constitutionally* requiring that pre-hearing notice of an amended motion to revoke be given in every case by means of personal service on the probationer.  The cases he cites do not suggest such a constitutional requirement. *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.ed.2d 484 (1972) (minimum due process requirements for parole revocation hearing include "written notice of the claimed violations of parole"); *Gagnon*, 411 U.S. at 786 (stating similar minimum requirements for probation revocation hearing); *Ruedas*, 586 S.W.2d at 523; *Weed,* 891 S.W.2d at 24 n.4 (both also referring to requirement of "written notice").  Nor does it appear

---

[5] The Code of Criminal Procedure does not address the subject of service of motions to revoke community supervision.  *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 21(b) (Vernon 2007).

sending the amended motion to his attorney in this instance provided written notice that was constitutionally defective.[6]

Finding no merit in appellant's claim of deprivation of his Fourteenth Amendment right to due process of law, we overrule his first point of error and affirm the trial court's judgment.

James T. Campbell
Justice

Do not publish.

---

[6] Appellant does not contend the notice to his counsel was not practically effective. It is clear from the opening moments of the revocation hearing that Mr. Griffin was familiar with the amended motion. For instance, on the court's inquiry, counsel stated that appellant would waive "the reading of the first amended motion to revoke community supervision." Nor did appellant seek a continuance of the hearing or otherwise argue he had inadequate opportunity to prepare for it.