

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00175-CR

_____

VININCE PAUL JONES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 402nd District Court
Wood County, Texas
Trial Court No. 23,385-2017

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Vinince Paul Jones appeals the trial court's revocation of his community supervision. On appeal, Jones argues that the trial court erred in admitting hearsay, that insufficient evidence supports the revocation, and that the fine originally assessed when Jones was placed on community supervision should be removed because it was not orally pronounced at the revocation hearing. We affirm the trial court's judgment because (1) the trial court did not abuse its discretion in overruling Jones's hearsay objection, (2) sufficient evidence supports the revocation of Jones's community supervision, and (3) the fine was properly assessed.

Jones pled guilty to, and was convicted of, family violence assault causing bodily injury to Sarah McDowell, a third-degree felony. Pursuant to the terms of his plea agreement with the State, Jones was placed on community supervision for ten years and was ordered to complete a batterer's intervention program (BIP) and to pay a $500.00 fine and court costs. The terms and conditions of Jones's community supervision incorporated the trial court's orders and required him to refrain from committing another offense, among other things.

The State moved to revoke Jones's community supervision on grounds that he caused bodily injury to McDowell by choking her, failed to complete a BIP, and failed to pay several fines and fees. After the trial court found these allegations true, it revoked Jones's community supervision, sentenced him to ten years' imprisonment, imposed the originally assessed $500.00 fine, and ordered him to pay $413.00 in court costs. We affirm.

*(1)*     *The Trial Court Did Not Abuse Its Discretion in Overruling Jones's Hearsay Objection*

Jones argues that the trial court erred in admitting into evidence hearsay testimony from Michael Chilson, a patrol lieutenant with the City of Quitman Police Department, recounting statements made by McDowell during the investigation of the choking incident. We find no abuse of discretion in the trial court's decision to admit McDowell's statements as excited utterances.

"We review a trial court's decision to admit or exclude evidence for an abuse of discretion." *Flowers v. State*, 438 S.W.3d 96, 103 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010)). "Abuse of discretion occurs only if the decision is 'so clearly wrong as to lie outside the zone within which reasonable people might disagree.'" *Id.* (quoting *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g))). "We may not substitute our own decision for that of the trial court." *Id.* (citing *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003)). "We will uphold an evidentiary ruling if it was correct on any theory of law applicable to the case." *Id.* (citing *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009)).

Jones argues that Chilson's testimony was hearsay. Hearsay is "a statement that . . . the declarant does not make while testifying at the current trial . . . and a party offers in evidence to prove the truth of the matter asserted in the statement." TEX. R. EVID. 801(d). Hearsay statements are inadmissible in the absence of an exception, like the excited-utterance exception. TEX. R. EVID. 802, 803(2); *Martinez v. State*, 178 S.W.3d 806, 811 (Tex. Crim. App. 2005).

3

"An excited utterance is '[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.'" *Mumphrey v. State*, 155 S.W.3d 651, 657–58 (Tex. App.—Texarkana 2005, pet ref'd) (alteration in original) (quoting TEX. R. EVID. 803(2)) (citing *Glover v. State*, 102 S.W.3d 754, 763 (Tex. App.—Texarkana 2002, pet. ref'd)). It is "made without adequate time to fabricate or reflect on the event." *Id.* at 658. "The excited utterance exception is based on the theory that a spontaneous statement made in response to a startling event is more reliable and, therefore, falls outside the purpose of the hearsay exclusion." *Id.* (citing *Couchman v. State*, 3 S.W.3d 155, 159 (Tex. App.—Fort Worth 1999, pet. ref'd)).

> For the excited-utterance exception to apply, the following three conditions must be met:
>
> (1) the statement must be a product of a startling occurrence that produces a state of nervous excitement in the declarant and renders the utterance spontaneous and unreflecting, (2) the state of excitement must still so dominate the declarant's mind that there is no time or opportunity to contrive or misrepresent, and (3) the statement must relate to the circumstances of the occurrence preceding it.

*Id.* (citing *Sellers v. State*, 588 S.W.2d 915, 918 (Tex. Crim. App. [Panel Op.] 1979); *Glover*, 102 S.W.3d at 763). "Each element need not be neatly drawn out and satisfied." *Id.* "However, the cumulative effect of the three elements must indicate that the statement is sufficiently reliable as to warrant exception to the hearsay rule." *Id.* (citing *Sellers*, 588 S.W.2d at 918; *Glover*, 102 S.W.3d at 763).

Jones challenges only the second consideration and claims that Chilson's testimony was insufficient to show that McDowell was still dominated by the emotion or stress of the event. "The record must show the declarant was excited or emotionally stimulated or in the grip of a shocking

event so as to render the statement a spontaneous utterance." *Id.* (citing *Salazar v. State*, 38 S.W.3d 141, 154 (Tex. Crim. App. 2001)). "Spontaneity is the primary factor which makes an excited utterance reliable." *Id.* (citing *Glover*, 102 S.W.3d at 763). "When a court determines whether the statement meets the requisite spontaneity element, no single, rigid principle governs." *Id.* "The court will consider each case on its own particular facts." *Id.* (citing *Fisk v. State*, 432 S.W.2d 912, 914 (Tex. Crim. App. 1968)).

"A court will consider the amount of time that has elapsed since the event." *Id.* (citing *Salazar*, 38 S.W.3d at 154). "It will also consider whether the statement at issue was made in response to questioning by another." *Id.* (citing *Salazar*, 38 S.W.3d at 154). "Neither factor, however, is dispositive of the issue." *Id.* (citing *Salazar*, 38 S.W.3d at 154). "The pivotal consideration becomes whether the declarant was still dominated by emotions, excitement, fear, or pain of the event." *Id.* (citing *Zuliani v. State*, 97 S.W.3d 589, 596 (Tex. Crim. App. 2003) (statements admissible when victim of assault made statement twenty hours later but had not been separated from her aggressor since assault)).

Chilson testified that he was dispatched to McDowell's apartment on an "assault call," met her in the parking lot of the apartment complex, and took her statement. According to Chilson, McDowell was emotional and excited by a recent event. Chilson testified that the assault had occurred shortly before his arrival because he was on the scene within two or three minutes of being dispatched, learned as he was en route to the apartment complex that the suspect had just fled the scene, and observed "very fresh" "redness and swelling . . . on the victim's neck."

In light of this testimony, the issue of whether McDowell was still under the influence of the excitement of the assault was within the zone of reasonable disagreement. Accordingly, we find no abuse of discretion in the trial court's conclusion that McDowell had been recently assaulted and was dominated by her emotions as a result of the stress of the event. We overrule this point of error.[1]

*(2)     Sufficient Evidence Supports the Revocation of Jones's Community Supervision*

The State's first allegation in its motion to revoke Jones's community supervision alleged "[t]hat on or about the 25th day of April, 2019, . . . the defendant did then and there intentionally, knowingly, and recklessly cause bodily injury to Sarah McDowell by means of choking her." Jones argues that the evidence is insufficient to support the trial court's finding that this allegation was true. We disagree.

"We will review the trial court's decision to revoke community supervision for an abuse of discretion." *Lively v. State*, 338 S.W.3d 140, 143 (Tex. App.—Texarkana 2011, no pet.) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.)). "The trial court does not abuse its discretion if the order revoking community supervision is supported by a preponderance of the evidence; in other words, the greater weight of the credible evidence would create a reasonable belief that the defendant has violated a condition of his or her community supervision." *Id.* (citing *Rickels*, 202 S.W.3d at 763–64; *T.R.S.*, 115 S.W.3d at 320). "In conducting our review, we view the evidence in the light most

---

[1]To the extent that Jones raises a Confrontation Clause issue, we find it unpreserved. At trial, Jones raised only a hearsay objection to Chilson's testimony. "[A] hearsay objection does not preserve error on Confrontation Clause grounds." *Smith v. State*, 494 S.W.3d 243, 255 (Tex. App.—Texarkana 2015, no pet.) (citing *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005); *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004)).

favorable to the trial court's ruling." *Id.* (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *T.R.S.*, 115 S.W.3d at 321). "If a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not shown." *Id.* (citing *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *T.R.S.*, 115 S.W.3d at 321).

When Chilson met McDowell at her Wood County apartment, he immediately noticed that she had a "neck area [that] was red and inflamed." [2] According to Chilson, an emotional McDowell told him "that [Jones] had choked her and stole her car keys and fled the apartment complex after assaulting her." McDowell said the assault occurred during an argument in the bedroom and that Jones kept her from getting up from bed by "chok[ing] her with one hand and push[ing] her back down on the bed." The State admitted photographs that Chilson took of McDowell that showed swelling on her left eye and significant redness and swelling on her neck that Chilson said was "consistent with strangulation."

---

[2]Jones complains that the State alleged the act occurred in Smith County instead of Wood County. As a result, he argues that the finding of true on this allegation was not supported by sufficient evidence. We disagree. "Texas courts have traditionally recognized that an application to revoke [or adjudicate guilt] is held to a less rigorous standard than an indictment or information." *Pierce v. State*, 113 S.W.3d 431, 436–37 (Tex. App.—Texarkana 2003, pet. ref'd). "An application to revoke probation [or adjudicate guilt] need not meet the specificity requirements of an indictment or information." *Id.* (citing *Chacon v. State*, 558 S.W.2d 874, 876 (Tex. Crim. App. 1977); *Tamez v. State*, 534 S.W.2d 686, 689 (Tex. Crim. App. 1976)). While "[a] person on community supervision is entitled to a written application to revoke that fully informs him or her of the term of probation he or she is alleged to have breached, . . . [i]t is sufficient that the State allege a violation of the law and give the probationer fair notice." *Id.* (citing *Chacon*, 558 S.W.2d at 876).

The State needed to prove only that Jones violated a term and condition of his community supervision. One condition of Jones's community supervision required him to "[c]ommit no offense against the laws of this State, any other State or of the United States." The State's allegation informed Jones that he violated this term and condition when he "intentionally, knowingly, and recklessly caused bodily injury to Sarah McDowell by means of choking her." As shown by the terms and conditions, the assertion that the offense occurred in a particular county was superfluous and was not required to be proved in this revocation proceeding. Even though the State alleged that the offense occurred in Smith County, we find that proof that the act occurred in Smith County was not required.

Chilson testified that McDowell's "phone continually rang" during his interview and that the caller identification showed that a person with Jones's middle name was calling. Because Jones and McDowell were in a dating relationship, Chilson testified that Jones was charged with another family violence assault against McDowell, this time by impeding her breath.

We find that the greater weight of the credible evidence created a reasonable belief that Jones, by choking McDowell, had violated the term and condition of his community supervision requiring him to refrain from committing another offense. Because a preponderance of the evidence supports the trial court's finding of true to the State's first allegation in its motion to revoke Jones's community supervision, we overrule this point of error.[3]

*(3)      The Fine Was Properly Assessed*

Jones also complains about a $500.00 fine included in the written judgment. He posits its invalidity because the trial court did not orally assess the fine during the revocation hearing. The State argues that an oral pronouncement was unnecessary because the fine was orally pronounced at the time Jones was found guilty and placed on community supervision. We agree.

"[W]hen there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls." *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). Because fines are punitive in nature and "are intended to be part of the convicted defendant's sentence," they "generally must be orally pronounced in the defendant's presence." *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (citing

---

[3]We need not address Jones's "other contentions [on other grounds] since one sufficient ground for revocation will support the court's order to revoke [community supervision]." *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (Supp.); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004)). However, when a fine is orally pronounced and imposed at an original plea hearing and is not suspended by the trial court, it may properly be included in the judgment revoking community supervision without further oral pronouncement. *See Coffey*, 979 S.W.2d at 329.

The record from the original plea hearing shows that the $500.00 fine was imposed pursuant to a plea agreement and was not suspended. The trial court made the following pronouncement at the original hearing, "[H]aving found you guilty, I'm going to order that you serve 10 years in the Texas Department of Criminal Justice; I'm going to probate that for a period of 5 years. . . . There's a $500 fine and court costs of $348." The written judgment of conviction shows that the fine was not suspended and was incorporated into the terms and conditions of Jones's community supervision.

This record shows that the trial court pronounced and imposed Jones's $500.00 fine at the original plea hearing and that it was not suspended. Consequently, we find that the trial court properly included the fine in its judgment revoking Jones's community supervision. *See id.* Since we find that the trial court did not err by including the fine, we overrule this point of error.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     February 18, 2020
Date Decided:       February 19, 2020

Do Not Publish