

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00207-CR

_____

SHANNON DALE WOODARD, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 235th District Court
Cooke County, Texas
Trial Court No. CR21-00453

---

Before Sudderth, C.J.; Birdwell and Walker, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

In two interrelated issues, Appellant Shannon Dale Woodard argues that the trial court abused its discretion by revoking his probation because the evidence was legally insufficient to support a finding that he had violated the conditions of his probation as alleged in the State's revocation motion. We will affirm.

## I. BACKGROUND

In 2021, Woodard was indicted for unlawfully possessing a firearm as a felon. In January 2023, he pleaded guilty and was sentenced to eight years in prison. But the trial court suspended his sentence and placed him on two years of probation instead. One of the conditions of Woodard's probation was that he "[c]ommit no offense against the laws of this State, or any other State, or the United States."

On February 10, 2024, two Tyler police officers were dispatched to investigate an alleged theft of a warehouse's radio antenna tower. The officers found Woodard a few blocks from the warehouse attempting to tie an antenna to the roof of his car. After questioning Woodard and speaking with Nettie Brown, the warehouse employee who had reported the theft, the officers directed Woodard to remove the antenna from his vehicle so that some of the warehouse's workers could retrieve it, but—significantly—they did not arrest him.

Investigator Ronny Tekell of the Tyler Police Department, who was assigned to investigate Woodard's case, testified that he obtained a warrant for Woodard's arrest

on February 13, 2024. But the warrant is not in the record. And according to Investigator Tekell, Woodard was not arrested until September 20, 2024.

In March 2024, the State filed a motion to revoke Woodard's probation. Among other probation violations, the State alleged that Woodard had

> failed to not commit any offense against this State, or any other State, or the United States. [Woodard] committed the offense and was arrested on or about the 10th day of February 2024 for the offense of Theft of Property . . . by [the] Tyler Police Department.

In June 2024, the trial court held an evidentiary hearing on the State's revocation motion. At the hearing, the State abandoned all of the alleged violations except for the above-quoted allegation pertaining to the February 10, 2024 property theft.

After considering the evidence, the trial court revoked Woodard's probation and sentenced him to seven years in prison. The trial court later issued findings of fact and conclusions of law clarifying that

> the Defendant's probation was revoked because he violated condition number one of his probation. The evidence showed by a preponderance of the evidence that Defendant committed Theft of Property . . . on February 10, 2024[,] when he was arrested by the Tyler Police Department.

Woodard timely appealed.

## II. DISCUSSION

Woodard contends that the trial court abused its discretion by revoking his probation because the record contains no evidence that he was arrested for property theft on February 10, 2024, as alleged by the State in its revocation motion and as found by the trial court. According to Woodard, because the State's motion alleged

3

that on or about February 10, 2024, he both (1) committed a theft-of-property offense and (2) was arrested for that offense, the trial court could not revoke his probation unless the State proved both the commission of the offense and the arrest by a preponderance of the evidence. We disagree.

## A. Standard of Review

In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated at least one of the terms and conditions of probation. *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012); *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). The trial court is the sole judge of the witnesses' credibility and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the probation. *Cardona*, 665 S.W.2d at 493–94.

## B. Analysis

Although Woodard couches his argument in terms of legal sufficiency, he essentially contends that there was a "variance" between the allegation in the State's revocation motion and the evidence that the State offered at the hearing.[1]

---

[1]In Texas, variance claims are generally treated as evidentiary-sufficiency issues rather than as notice-related claims. *Hammack v. State*, 466 S.W.3d 302, 307 (Tex. App.—Texarkana 2015, no pet.).

4

A variance occurs when there is a discrepancy between the allegations in the charging instrument and the proof at trial. *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). Under the fatal-variance doctrine, a variance may be fatal to a conviction because due process guarantees the defendant notice of the charges against him. *See Stevens v. State*, 891 S.W.2d 649, 650 (Tex. Crim. App. 1995). This doctrine applies to revocations of probation. *Hammack*, 466 S.W.3d at 307 (citing *Moore v. State*, 11 S.W.3d 495, 499–500 (Tex. App.—Houston [14th Dist.] 2000, no pet.)). But only a material variance is fatal. *Pierce v. State*, 113 S.W.3d 431, 439 (Tex. App.—Texarkana 2003, pet. ref'd) (citing *Moore*, 11 S.W.3d at 499–500). A variance between the charging instrument and the proof at trial is material only if it operated to the defendant's surprise or prejudiced his rights. *Moore*, 11 S.W.3d at 500; *see Stevens*, 891 S.W.2d at 650; *Human v. State*, 749 S.W.2d 832, 837 (Tex. Crim. App. 1988) (op. on reh'g). "Likewise, a variance between pleadings and proof at a probation revocation hearing is material only if it operated to the defendant's surprise or prejudiced his rights." *Steinberger v. State*, No. 02-11-00269-CR, 2012 WL 662363, at *3 (Tex. App.—Fort Worth Mar. 1, 2012, no pet.) (mem. op., not designated for publication) (first citing *Pierce*, 113 S.W.3d at 439; and then citing *Chacon v. State*, 558 S.W.2d 874, 876 (Tex. Crim. App. 1977)). "The burden to show surprise or prejudice resulting from a variance rests with the defendant." *Id.* (first citing *Santana v. State*, 59 S.W.3d 187, 194 (Tex. Crim. App. 2001); then citing *Human*, 749 S.W.2d at

837; and then citing *Cole v. State*, 611 S.W.2d 79, 82 (Tex. Crim. App. [Panel Op.] 1981)).

In assessing a variance's materiality in the context of a revocation proceeding, we bear in mind that when, as here, the State alleges that a defendant violated the terms of his probation by committing an offense, the State need not use the same precise terms as necessary in an indictment allegation. *Pierce*, 113 S.W.3d at 436 (citing *Bradley v. State*, 608 S.W.2d 652, 655 (Tex. Crim. App. 1980)). "It is sufficient that the State allege a violation of the law and give the probationer fair notice." *Id.* (citing *Chacon*, 558 S.W.2d at 876). The reason for this is that at a revocation hearing, "guilt or innocence is not at issue, and the trial court need not determine the defendant's . . . criminal culpability, only whether [he] broke the contract made with the trial court to receive a probated sentence." *Id.* (citing *Moore*, 11 S.W.3d at 499). Revocation is proper if there is sufficient evidence to show that the defendant committed an offense in violation of his probation conditions. *Id.* (citing *Chacon*, 558 S.W.2d at 876).

Here, we agree with Woodard that the record contains no evidence that he was arrested on February 10, 2024, meaning that there was a variance between the State's allegation and the evidence presented at the revocation hearing. Nevertheless, we conclude that Woodard has failed to satisfy his burden to show that the variance caused him surprise or prejudice, i.e., that it was material. *See Steinberger*, 2012 WL

662363, at *3. Because the variance was not material, it is not fatal to the trial court's judgment. *See Pierce*, 113 S.W.3d at 439.

For the trial court to properly revoke Woodard's probation, all that the State needed to prove was that Woodard had committed an offense in violation of his probation conditions. *Id.* at 436 (citing *Chacon*, 558 S.W.2d at 876). As the trial court pointed out, "it's not an offense to be arrested." Therefore, the language in the State's revocation motion concerning Woodard's supposed February 10, 2024 arrest was mere surplusage.[2]

We cannot conclude that this unnecessary language operated to Woodard's surprise or otherwise caused him prejudice. *See Moore*, 11 S.W.3d at 500. The State's revocation motion clearly alleged that Woodard had violated the condition of his probation that he "not commit any offense against this State, or any other State, or the United States." And Woodard testified that he understood the allegation and had discussed it with his attorney. Because Woodard testified extensively in his own defense about the alleged February 10, 2024 theft of the antenna, we cannot conclude that he was surprised by the State's allegation. Thus, the record reflects that the State's revocation motion—though inartfully drafted—gave Woodard fair notice of the alleged violation and did not mislead or surprise him as he prepared and presented his defense. *See Pierce*, 113 S.W.3d at 436, 438; *cf. Dittoe v. State*, 935 S.W.2d 164, 165

---

[2]The trial court recognized this and recommended that the State refrain from including any allegations concerning probationers' arrests in future revocation motions. We agree that this would be the best practice.

(Tex. App.—Eastland 1996, no pet.) (holding that probationer alleged to have violated his probation terms by committing forgery had been given "fair notice of the charge that he would be called upon to defend" even though there was a variance between the State's allegation and the evidence regarding the name on the forged check).

Given (1) that Woodard was found with the missing antenna strapped to his vehicle only a few blocks from the warehouse; (2) Brown's testimony that, as far as she knew, Woodard did not have permission to take the antenna; and (3) Woodard's admission that he had taken the antenna, we conclude that the evidence—when viewed in the light most favorable to the trial court's ruling—is sufficient to show that Woodard violated his probation terms by committing the offense of property theft. *See Hacker*, 389 S.W.3d at 865; *Cardona*, 665 S.W.2d at 493. Accordingly, the trial court acted within its broad discretion by revoking Woodard's probation. *See Pierce*, 113 S.W.3d at 436; *see also Corpus v. State*, 26 S.W.3d 660, 662 (Tex. App.—Corpus Christi 2000, no pet.) ("A trial judge has broad discretion in determining whether to revoke community supervision . . . ." (quoting *Amezcua v. State*, 975 S.W.2d 688, 691 (Tex. App.—San Antonio 1998, no pet.))).

We overrule both of Woodard's issues.

### III. CONCLUSION

Having overruled both of Woodard's issues, we affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  April 3, 2025