**Affirmed and Opinion filed March 17, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00348-CR

**WADE TIMOTHY BESSARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1221855**

## O P I N I O N

Appellant Wade Timothy Bessard entered a plea of guilty to possession of a controlled substance. In accordance with the terms of a plea bargain agreement with the State, the trial court deferred adjudication and placed appellant on community supervision for five years. Subsequently, the State filed a motion to adjudicate guilt for violations of the conditions of appellant's community supervision. Following a hearing, the trial court adjudicated guilt and sentenced

appellant to confinement for seven years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal. We affirm.

In his third issue, appellant claims that it was an abuse of discretion for the trial court to find true a violation of condition two of appellant's community supervision: to "avoid injurious or vicious habits." The record reflects that a urinalysis performed October 23, 2013, revealed appellant's urine sample tested positive for phencyclidine, commonly referred to as PCP. Appellant argues that absent evidence of other drug use, alcohol use, or any other illicit substance abuse, this is an insufficient basis for revocation of his community supervision because evidence of a single use of a drug is not a "habit" for the purposes of a condition of probation. *See Garcia v. State*, 571 S.W.2d 896, 900 (Tex. Crim. App. 1978).

The complete text of appellant's community-supervision condition two reads:

> 2. Avoid injurious or vicious habits. You are forbidden to use, possess, or consume any controlled substance, dangerous drug, marijuana, alcohol or prescription drug not specifically prescribed to you by lawful prescription. You are forbidden to use, consume, or possess alcoholic beverages.

The State's motion to adjudicate guilt alleged that appellant violated the terms and conditions of his community supervision by:

> Failing to avoid injurious or vicious habits to–wit; the Defendant did use a controlled substance, namely PHENCYCLIDINE, which was evidenced by the presence of PHENCYCLIDINE GC/MS in a urine sample taken from Wade Bessard on October 23, 2013 . . ..

The State alleged a violation of the second sentence of condition two by appellant's use of phencyclidine. Although a single use of an illegal drug may not be enough to constitute a "habit," a single use is enough to support a finding that

appellant violated a condition forbidding drug use. *Chacon v. State*, 558 S.W.2d 874, 876 (Tex. Crim. App. 1977).[1]

A single violation of a probation condition is sufficient to support the trial court's decision to revoke probation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). To revoke probation, the State need prove the violation by only a preponderance of the evidence. *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). The preponderance of the evidence established that appellant used a controlled substance, namely phencyclidine, on or about October 23, 2013, in violation of condition two. Accordingly, the record supports the trial court's finding that appellant violated a condition of his community supervision. *Rodriguez v. State*, 2 S.W.3d 744, 746 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Accordingly, we hold the trial court did not abuse its discretion in finding true a violation of condition two. Appellant's third issue is overruled.

We need not address appellant's other contentions because one sufficient ground for revocation will support the trial court's judgment. The judgment of the trial court is affirmed.


/s/    Martha Hill Jamison
Justice


Panel consists of Justices Jamison, Busby, and Brown.
Publish — Tex. R. App. P. 47.2(b).

---

[1] *See also Kirk v. State*, 01-99-01184-CR, 2001 WL 279211, at *2 (Tex. App.—Houston [1st Dist.] Mar. 22, 2001, no pet.) (mem. op., not designated for publication) (The trial court did not abuse its discretion in revoking community supervision on the basis of a single failed drug test because although the motion to revoke was drafted in terms of failure to avoid injurious or vicious habits, it also alleged the use of a controlled substance contrary to condition two of appellant's community supervision.)