**Affirmed and Memorandum Opinion filed December 17, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00380-CR

**JOSHUA DWAYNE BLEDSOE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 09CR0075**

## M E M O R A N D U M   O P I N I O N

Appellant Joshua Dwayne Bledsoe appeals from the trial court's adjudication of guilt and revocation of community supervision for the offense of unauthorized use of a motor vehicle. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

Appellant pleaded guilty to unauthorized use of a motor vehicle and was placed on deferred adjudication community supervision for five years beginning in

November 2009. The State moved to adjudicate appellant's guilt and revoke his community supervision in January 2013. The motion at issue in this case is the State's Second Amended Motion to Adjudicate Guilt–Revoke Community Supervision–Sentence Defendant, filed in December 2013. That motion alleges he violated the conditions of community supervision as follows:

1(a)-(c). On December 27, 2012, in Galveston County, he intentionally, knowingly, or recklessly caused bodily injury to Rozilyn Morris, a person with whom he had a dating relationship as described by section 71.002(b) of the Family Code, by impeding her normal breathing or circulation of the blood by:

(a) applying pressure to her throat or neck;

(b) choking her with his arm; and

(c) choking her with his hand.

1(d). On December 27, 2012, in Galveston County, Texas, he intentionally, knowingly, or recklessly caused bodily injury to Shakeria Morris by striking her with his hand.

1(e). On January 27, 2012, in the Municipal Court of Texas City in Galveston County, Texas, the Defendant was found guilty by the court and convicted of the criminal offense of Disorderly Conduct/Fighting with Another and assessed fine and court costs of $542.

3(a),(b). On or about April 27, 2012, and May 19, 2012, in Galveston County, Texas, he associated with Earl Vignes, a person previously convicted of a crime;

3(c). On or about January 31, 2013, in Galveston County, Texas, he associated with Nicole Day, a person previously convicted of a crime;

12. He failed to pay supervision fees as ordered, and was $1,960.00 in arrears;

2

13. He failed to pay court costs as ordered, and was $237.00 in arrears;

15. He failed to pay restitution as ordered, and was $4,145.00 in arrears;

16. He failed to reimburse Galveston County for compensation of appointed counsel as ordered, and was $390.00 in arrears;

16(A). He failed to pay the Crime Stoppers Program payment as ordered, and was $25.00 in arrears; and

22. On November 5, 2012, he entered Scruples, a bar serving alcohol, in Galveston County, Texas.

The trial court held a hearing on the State's motion to revoke. Appellant pleaded true to violation numbers 1(e) and 22 and not true to the remainder. After hearing testimony from several witnesses and reviewing the admitted documentary evidence, the trial court found alleged violation numbers 1(d), 3(a), 3(b), and 3(c) not true, found the remaining allegations true, revoked appellant's community supervision, and assessed punishment at twenty months' confinement in state jail.

In one issue, appellant contends the trial court's granting of the State's motion to revoke was improper if based on appellant's Facebook images.

## ANALYSIS

### I. Standard of Review

We review a trial court's decision to adjudicate guilt and revoke community supervision using an abuse of discretion standard. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). Adjudication and revocation are appropriate when a preponderance of the evidence supports one of the State's allegations that the defendant violated a condition of his community supervision. *Id.* The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). Because

3

adjudication and revocation implicate due process, a trial court abuses its discretion if it revokes a defendant's community supervision for an inappropriate reason, such as illegal discrimination or mere caprice. *See Leonard*, 385 S.W.3d at 577; *see also Dansby v. State*, 398 S.W.3d 233, 239–40 (Tex. Crim. App. 2013) (revocation for invoking Fifth Amendment privilege is unconstitutional); *Gipson v. State*, 383 S.W.3d 152, 157 (Tex. Crim. App. 2012) (revocation for failure to pay fines without considering the reasons for the probationer's inability to pay or alternative measures would violate the U.S. Constitution) (discussing *Bearden v. Georgia*, 461 U.S. 660 (1983)).

A single violation of a term of community supervision is sufficient to support the trial court's decision to revoke community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Bessard v. State*, 464 S.W.3d 427, 429 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). The State need prove the violation by only a preponderance of the evidence to support revocation. *Hacker*, 389 S.W.3d at 864–65; *Bessard*, 464 S.W.3d at 429.

## II. The trial court did not abuse its discretion when it revoked appellant's deferred adjudication community supervision.

The State offered four photos into evidence at the hearing on its motion to adjudicate. Jeff Fox, appellant's community-supervision officer, testified about the photos. He said the name on the account linked to the Facebook page was appellant's, the photos appeared on that Facebook page as recently as the previous day, and the photos appeared to be of appellant.

Three photos showed appellant with what appeared to be a "substantial amount" of cash in his hand. Those photos were dated November 8, 2012, January 31, 2013, and October 2, 2013. The image in the fourth photo was not described in

4

testimony, but Fox testified it was dated May 8, 2012. In his brief, appellant says the fourth photo allegedly shows he was at a bar.

Appellant's counsel said he had no objection to the photos' admission. The trial court admitted the photos into evidence.

Fox testified he met with appellant on November 6, 2012, February 1, 2013, and October 14, 2013, which dates were around the dates shown on the photos. He said appellant did not pay any of his outstanding fees at those meetings. On cross-examination, Fox said he did not know whose money was in the photos.

## A.    Appellant did not preserve error regarding the photos.

On appeal, appellant says the photos "were presented without sufficient predicate or documentation to show that they were in fact authentic real images of Appellant and his money and him at a bar." He argues the trial court abused its discretion in admitting the photos into evidence.

However, at the hearing, appellant's counsel said he had no objection to the photos. To preserve a complaint for appellate review, a party must make that complaint to the trial court by timely request, objection, or motion. *See* Tex. R. App. P. 33.1(a); *Estrada v. State*, 313 S.W.3d 274, 302 (Tex. Crim. App. 2010); *Wright v. State*, 374 S.W.3d 564, 583 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). A party may claim error in the admission of evidence only if the error affects the party's substantial rights and the party timely and specifically objected or moved to strike the evidence. *See* Tex. R. Evid. 103(a). "The purpose of requiring the objection [to preserve error in the admission of evidence] is to give the trial court or the opposing party the opportunity to correct the error or remove the basis for objection." *Martinez v. State*, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000).

The preservation-of-error rules apply to complaints about evidence admitted in hearings on motions to revoke deferred adjudication community supervision. *E.g.*, *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001) (because appellant did not object to trial court's preventing him from introducing evidence at punishment hearing for revocation of community supervision, he waived any error in trial court's ruling); *Shah v. State*, 403 S.W.3d 29, 35–36 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (appellant could not complain of admission of hearsay statements in community supervision officer's testimony, because he did not object to admission); *Sanchez v. State*, 222 S.W.3d 85, 90 (Tex. App.—Tyler 2006, no pet.) (although polygraph results are inadmissible, appellant waived any error in admission of results in presentence investigation report, because his lawyer specifically stated she had reviewed report and had no objection).

Appellant did not object to the admission of the photos at the adjudication hearing. To the contrary, his lawyer said he had no objection to the photos. As a result, appellant waived any error in the admission of the photos.

**B.    Other violations support revocation.**

Even without the photos, the trial court would have been within its discretion to grant the State's motion to adjudicate because appellant admitted to two violations of his community supervision. A single violation of a condition of community supervision is sufficient to support the trial court's decision to adjudicate and revoke community supervision. *Moore*, 605 S.W.2d at 926; *Bessard*, 464 S.W.3d at 429.

The order of deferred adjudication directs appellant to "commit no offense against the laws of the State of Texas." The State alleged appellant violated that term by fighting with another person, evidenced by his conviction for Disorderly Conduct/Fighting with Another. The order also instructs appellant to "abstain from

the use of alcohol in any form at any time, and [not to] enter any bar, tavern, lounge, or other similar place." The State alleged appellant violated that term by entering Scruples, a bar serving alcohol. Appellant pleaded true to both allegations. Each of those violations supports adjudication of appellant and revocation of his community supervision.

We overrule appellant's sole issue.

## CONCLUSION

We affirm the trial court's judgment.

/s/     Marc W. Brown
        Justice

Panel consists of Justices Boyce, Busby, and Brown.
Do Not Publish — TEX. R. APP. P. 47.2(b).