ACCEPTED
01-15-00134-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/18/2015 11:32:33 AM
CHRISTOPHER PRINE
CLERK

**No. 01-15-00134-CR**

In the
Court of Appeals
For the
First District of Texas
At Houston

————————◆————————

**No. 1363069**

In the 338th District Court
Of Harris County, Texas

————————◆————————

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

12/18/2015 11:32:33 AM

CHRISTOPHER A. PRINE
Clerk

**JENNIFER LEANN WATSON**
*Appellant*
V.
**THE STATE OF TEXAS**
*Appellee*

————————◆————————

STATE'S APPELLATE BRIEF

————————◆————————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**MOLLY WURZER**
Assistant District Attorney
Harris County, Texas
wurzer_molly@dao.hctx.net

**BRADFORD CROCKARD**
**LAUREN BARD**
Assistant District Attorneys
Harris County, Texas

1201 Franklin, Suite 600
Houston, Texas  77002
Tel.:  713/274-5826
FAX No.:  713/755-5809

*Counsel for Appellee*

ORAL ARGUMENT WAIVED

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 39.7, the State waives oral argument.

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ..............................................................i

INDEX OF AUTHORITIES ..................................................................................iii

STATEMENT OF THE CASE .............................................................................. 1

STATEMENT OF FACTS .................................................................................... 1

SUMMARY OF THE ARGUMENT ..................................................................... 7

STATE'S REPLY TO APPELLANT'S SOLE POINT OF ERROR ................................ 7

    Standard of Review ..................................................................................... 7
    Applicable Law ............................................................................................ 9
    Analysis ........................................................................................................ 9

CONCLUSION .................................................................................................. 12

CERTIFICATE OF SERVICE ............................................................................ 13

CERTIFICATE OF COMPLIANCE ................................................................... 13

# INDEX OF AUTHORITIES

**CASES**

*Bessard v. State*,
   464 S.W.3d 427 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd)........................9, 10

*Cardona v. State*,
   665 S.W.2d 492 (Tex. Crim. App. 1984) ...................................................................... 8

*Degay v. State*,
   741 S.W.2d 441 (Tex. Crim. App. 1987) ...................................................................... 8

*Duncan v. State*,
   321 S.W.3d 54 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) ................................ 8

*Evans v. State*,
   202 S.W.3d 158 (Tex. Crim. App. 2006) ...................................................................... 9

*Garrett v. State*,
   619 S.W.2d 172 (Tex. Crim. App. 1981) .................................................................. 8, 11

*Grant v. State*,
   566 S.W.2d 954 (Tex. Crim. App. 1978) ...................................................................... 8

*Moore v. State*,
   605 S.W.2d 924 (Tex. Crim. App. 1980) ...................................................................... 9

*Rickels v. State*,
   202 S.W.3d 759 (Tex. Crim. App. 2006) ...................................................................... 8

*Scamardo v. State*,
   517 S.W.2d 293 (Tex. Crim. App. 1974) ...................................................................... 8

**RULES**

TEX. R. APP. P. 39.7................................................................................................................i

**STATUTES**

TEX. HEALTH & SAFETY CODE ANN. §481.102(6) (West 2010)........................................9

TEX. HEALTH & SAFETY CODE ANN. §481.115 (West 2010) ...........................................9

TEX. PENAL CODE ANN. §1.07(39)(West 2011)................................................................9

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

The appellant was charged by indictment with the offense of possession of a controlled substance – methamphetamine – with intent to deliver. CR 16. The appellant pled guilty to this first degree felony offense. CR 29. The trial court deferred a finding of guilt and placed her on three years community supervision. CR 29. About ten months later, the State filed a motion to adjudicate guilt. CR 50-51. A hearing was held January 16 and 20, 2015. II RR 3; III RR 2; CR 62. The trial court adjudicated the appellant's guilt and sentenced her to six years in the Texas Department of Criminal Justice –Institutional Division. III RR 19; CR 62. The court certified the appellant's right to appeal, and the appellant filed a timely notice of appeal. CR 67-68.

## STATEMENT OF FACTS

On September 19, 2013, the appellant pled guilty to the first degree offense of possession with intent to deliver a controlled substance. CR 31. She was granted three years community supervision. CR 31.

On July 31, 2014, the State filed a motion to adjudicate guilt, alleging nine separate violations of the terms and conditions of the appellant's community supervision, which included:

- committing an offense against the State of Texas by unlawfully intentionally and knowingly possessing a controlled substance – methamphetamine – weighing more than 1 gram and less than 4 grams by aggregate weight, including any adulterants.
- failure to report to her community supervision officer on February 11, 2014, May 2, 2014, June 25, 2014, and July 15, 2014.
- failure to submit to random urine specimen analysis on July 27, 2014.
- failure to submit to random urine specimen analysis on June 6, 2014.
- failure to submit to random urine specimen analysis on May 1, 2014.
- failing to pay supervision fees as directed by the court.
- failure to pay court costs as directed by the court.
- failure to pay laboratory processing fees as directed by the court.
- failure to participate in HCAPD Tier 2 Specialized Caseload – the 338th Felony Mental Health Court Specialized Caseload.

CR 50; II RR 9-11. The appellant pled "not true" to each of the nine allegations. II RR 12-14.

**Technical Violations**

The State called Sheena Poole, the appellant's community supervision officer, to testify. II RR 17, 19. Poole is assigned to the Felony Mental Health Court, a specialized court for those on community supervision with a mental health diagnosis or disorder where they are able to receive assistance from the case managers and intense supervision from the trial court. II RR 18. Felony Mental Health Court employs several full-time employees that were available to the appellant if she needed help with anything. II RR 38. Poole saw the appellant three times a month outside of the court, and met with her at least every other week. II RR 19. Poole found the appellant to be polite, but the appellant often was

late or missed meetings.  II RR 20.  She did not take advantage of the resources that were offered to her through the Felony Mental Health Court.  II RR 20.

Poole enumerated the ways in which the appellant did not comply with the terms of her community supervision.  The appellant failed to report to Poole on February 11, 2014, May 2, 2014, June 25, 2014, and July 15, 2015.  II RR 22-23. On February 11, 2014, Poole learned the appellant had a conflict with her work schedule, and she reported a different day.  II RR 29.  On May 2, 2014, when the appellant did not show up, Poole went to her house to conduct a field visit later that day.  II RR 30.  The appellant claimed she overslept and was tired.  II RR 30. When she did not report on June 25, 2014, she reported two days later on June 27, 2014.  II RR 31.  On July 15, 2014, the appellant did not report because she was in custody on the new law violation.  II RR 31-32.

The appellant was ordered to provide urine samples as part of her community supervision.  II RR 23.  She failed to submit a urine specimen on May 1, 2014, June 6, 2014, June 26, 2014.  II RR 23-24.

The appellant was ordered to pay fees, and she was behind $39.50 on July 16, 2014.  II RR 25.  She was ordered to pay court costs, and she was behind $100 on July 16, 2014.  II RR 25.  The appellant was ordered to pay a lab processing fee, and she was behind $15 on July 16, 2014.  II RR 25-26.

Further, Poole stated that the appellant failed to participate in Felony Mental Health Court by abiding by the conditions, attending regular treatment, reporting to her community supervision officer, and providing urine specimens. II RR 26. In addition, she did not provide the attendance logs for the support groups she was told to attend. II RR 25.

The appellant gave Poole a variety of excuses for missing appointments or being late to scheduled meetings, including oversleeping, childcare issues, not being able to find her keys, her car not starting, conflicts with her work schedule, or working late. II RR 22, 25, 27, 29, 34.

**New Law Violation**

Deputy Jimmie Norris executed a felony arrest warrant at the appellant's home for a different person on July 15, 2014. II RR 41-43. He and other Harris County Sheriff's deputies walked up to the door of the home around noon. II RR 44. The door was open, so he and the other deputies loudly identified themselves and then walked in. II RR 44.

He immediately saw a bedroom on the right with the door wide open. II RR 45. He heard mumbling in the bedroom. II RR 45-46. He saw two white females standing by the bed and a male and female (the appellant) in the bed. II RR 46-47; SX 2. There were many bags in the bedroom, and the two white females appeared

4

to be going through the bags on the far side of the bed. II RR 56. The appellant and the male were sleeping, so Deputy Norris woke them up by yelling. II RR 47.

The appellant was nearer to the front of the house, and Deputy Norris observed a purse on the edge of the bed next to the appellant. II RR 49; SX 2. Protruding from the unzipped, open purse was a hypodermic needle plunger. II RR 49. He could also see a Disney makeup bag in the purse with hypodermic needles sticking out of it. II RR 50. In the purse, he could also see little bags commonly used to transport methamphetamine, baggies with a grayish white reside, and a baggie with crystal methamphetamine. II RR 50-51. The appellant told Deputy Norris that her ID was in the purse. II RR 52-53. Deputy Norris found her ID in the purse inside a matching wallet. II RR 53. No one in the house would admit to possession of the methamphetamine. II RR 54.

The substance found in the appellant's purse was analyzed by chemists with the Harris County Institute of Forensic Sciences, and it was identified as 1.963 grams of methamphetamine. II RR 63-72.

The appellant's boyfriend, Chris Hernandez, testified that he did not know the other two women were in the house until the police woke them up. II RR 76-77. He knows that one of the women, Desiree, is addicted to drugs, and her reaction to the police was consistent with someone who was high. II RR 77-79. The appellant was not using drugs, and he had never seen her use drugs since he

5

met her on March 26, 2014. II RR 81. Hernandez also has a long drug history. II RR 83-85.

The appellant's fourteen year old daughter, Mileah Alvarez, testified that she let Desiree in the house that morning. II RR 86-87. Desiree was holding a Mickey Mouse bag that she stole from Alvarez. II RR 88. Desiree walked to the appellant's bedroom. II RR 88. Then the police came. II RR 89.

The appellant testified that the police took her into the living room after they entered the house. II RR 99. They asked for her ID, and she told them it was zipped up in her purse in the bedroom. II RR 99. When they asked her about the drugs, she told them they were not hers. II RR 100. She believed the drugs belonged to one of the other two women because of the way they were acting. II RR 101, 103-105.

**Judge's Ruling**

The trial court found that the appellant:

- committed an offense against the State of Texas by unlawfully intentionally and knowingly possessing a controlled substance – methamphetamine – weighing more than 1 gram and less than 4 grams by aggregate weight, including any adulterants.
- failed to report to her community supervision officer on February 11, 2014, May 2, 2014, June 25, 2014, but not on July 15, 2014.
- failed to submit to random urine specimen analysis on July 27, 2014.
- failed to submit to random urine specimen analysis on June 6, 2014.
- failed to submit to random urine specimen analysis on May 1, 2014.
- failed to pay supervision fees, but the trial court did not factor it into punishment.

6

- failed to pay court costs, but the trial court did not factor it into punishment.
- failed to pay laboratory processing fees, but the trial court did not factor it into punishment.
- failed to participate in HCAPD Tier 2 Specialized Caseload – the 338th Felony Mental Health Court Specialized Caseload.

II RR 122-123.

## SUMMARY OF THE ARGUMENT

The trial court found multiple allegations in the motion to adjudicate to be true. Since only one sufficient ground is needed to support a revocation of community supervision, this Court need not consider whether the trial court abused its discretion in finding the appellant possessed methamphetamine.

Further, even if the new law violation is considered, the trial court did not abuse its discretion in finding it true that the appellant possessed methamphetamine by a preponderance of the evidence. The direct and circumstantial evidence link the appellant to the drugs.

## STATE'S REPLY TO APPELLANT'S SOLE POINT OF ERROR

In his sole point of error, the appellant argues that the trial court abused its discretion by revoking the appellant's community supervision because the evidence was insufficient to prove all the elements of possession of a controlled substance. App. Br. 9.

### *Standard of Review*

An appellate court reviews the trial court's decision to revoke community supervision under an abuse of discretion standard. *Cardona v. State*, 665 S.W.2d

7

492, 493 (Tex. Crim. App. 1984). If the State does not meet its burden of proof, an order to revoke community supervision is an abuse of the trial court's discretion. *Id.* at 493-4. The court is the sole trier of fact in a community supervision revocation. *Grant v. State*, 566 S.W.2d 954, 956 (Tex. Crim. App. 1978).

In a community supervision revocation hearing, the State must prove the allegation by a preponderance of the evidence, or by "the greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Rickels v. State*, 202 S.W.3d 759, 763-4 (Tex. Crim. App. 2006) (citing *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)). As the trier of fact, the trial court determines the credibility of witnesses. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). The appellate court examines the evidence in the light most favorable to the trial court's order. *Duncan v. State*, 321 S.W.3d 54, 57 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (citing *Garrett*, 619 S.W.2d at 174). It is within the discretion of the trial judge to either continue community supervision or to revoke community supervision. *Degay v. State*, 741 S.W.2d 441, 449 (Tex. Crim. App. 1987). An order revoking community supervision must be based on a condition of the community supervision imposed by the court or on a condition as modified by the court. *Id.* Only one sufficient ground is needed to support a revocation of community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App.

8

1980); *Bessard v. State*, 464 S.W.3d 427, 429 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

## *Applicable Law*

A person commits the offense of possession of methamphetamine if he knowingly or intentionally possesses methamphetamine - a Penalty Group 1 substance. TEX. HEALTH & SAFETY CODE ANN. §481.115(a) (West 2010); TEX. HEALTH & SAFETY CODE ANN. §481.102(6) (West 2010). When the weight of the methamphetamine is greater than one gram but less than four grams, this offense is a third degree felony. TEX. HEALTH & SAFETY CODE ANN. §481.115(c) (West 2010).

Possession means "actual care, custody, control, or management." TEX. PENAL CODE ANN. §1.07(39)(West 2011). Mere presence at the location where drugs are found is not enough to establish possession. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). Presence or proximity combined with other direct or circumstantial evidence may be sufficient to establish possession. *Id.* It is not the number of links that is dispositive, but rather the logical force of all the direct and circumstantial evidence. *Id.*

## *Analysis*

First, this Court need not address the appellant's sole point of error. The appellant does not complain that the trial court erred in finding that she failed to

report to her community supervision officer, failed to submit to urine specimen analysis, or failed to participate in Felony Mental Health Court Specialized Caseload. Poole testified where and when the appellant had missed appointments, missed urine specimen analysis appointments, and how she failed to participate in Felony Mental Health Court. The trial court found these five other allegation paragraphs to be true in addition to the new law violation allegation paragraph. II RR 122. Since only one sufficient ground is needed to support a revocation of community supervision, this Court need not consider whether the trial court abused its discretion in finding the appellant committed a new law violation. *See Bessard*, 464 S.W.3d at 429.

Alternately, the State proved that the appellant committed the offense of possession of a controlled substance – methamphetamine – by a preponderance of the evidence. The appellant was not merely present in a house where drugs were found. The direct and circumstantial evidence affirmatively link her to the drugs. The appellant was living in the house with her children, and the purse where the drugs were found belonged to the appellant. II RR 97. Deputy Norris observed the purse to be closest to the appellant. II RR 49; SX 2. The other two women were on the other side of the bed near the white male on the far side of the room from the appellant and the purse. II RR 46-47, 56; SX 2. The drugs and paraphernalia were both in the purse *and* in the Disney bag inside the purse in plain view. II RR

10

46-45, 56. The appellant's ID was in the purse with the drugs, needles, and baggies. II RR 49-53.

As the sole trier of fact, the trial court was free to disbelieve the testimony of the appellant, her boyfriend Hernandez, and her fourteen year old daughter Alvarez. *See Garrett*, 619 S.W.2d at 174. All three had an interest in ensuring the appellant did not go to prison. Both the appellant and Hernandez have a drug history. II RR 83-85. Alvarez testified that she saw Desiree with the Disney bag earlier in the day. II RR 88. The testimony of the Deputy Norris indicated, however, that the drugs, baggies, and needles were not only *in* the Disney bag in the purse, but also *around* the Disney bag in the purse. II RR 49-51. It is not probable that Desiree had the drugs, decided to plant them on the appellant, was able to get around the bed, place both the Disney bag and other paraphernalia in the appellant's purse, and go around to the other side of the bed in the short time it took Harris County Sherriff's deputies made entry into the bedroom.

Viewed in the light most favorable to the trial court's ruling, the State proved the appellant possessed methamphetamine by a preponderance of the evidence. The trial court did not abuse its discretion in revoking the appellant's community supervision for multiple allegations. The appellant's sole point of error should be overruled and the appellant's community supervision revocation affirmed.

# CONCLUSION

It is respectfully submitted that all things are regular and the conviction should be affirmed.

**DEVON ANDERSON**
District Attorney
Harris County, Texas

/s/ *M. K. Wurzer*

**MOLLY WURZER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 274-5826
TBC No. 24082073
Wurzer_molly@dao.hctx.net

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been sent to the following email address via TexFile:

Randall J. Ayers
Attorney at Law
rjayerslaw@comcast.net

/s/ *[signature]*
**MOLLY WURZER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 274-5826
TBC No. 24082073
Wurzer_molly@dao.hctx.net

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 2,607 words, based upon the representation provided by the word processing program that was used to create the document.

/s/ *[signature]*
**MOLLY WURZER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 274-5826
TBC No. 24082073
Wurzer_molly@dao.hctx.net

Date: 12/18/2015

13