**Opinion filed April 19, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00075-CR

_____

## TORI BROOKE PATRICK, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 47th District Court**

**Randall County, Texas**

**Trial Court Cause No. 18834A**

### M E M O R A N D U M   O P I N I O N

This is an appeal from the adjudication of Tori Brooke Patrick's guilt and consequent revocation of her deferred adjudication community supervision. Appellant presents six issues on appeal. We affirm.[1]

---

[1]The Texas Supreme Court transferred this appeal from the Seventh Court of Appeals to the Eleventh Court of Appeals. As required under TEX. R. APP. P. 41.3, we will decide this case in accordance with the precedent of the Seventh Court of Appeals.

The State charged Appellant by information with kidnapping. *See* TEX. PENAL CODE ANN. § 20.03(a) (West 2011). Appellant waived indictment and pleaded guilty to the offense, but the trial court deferred an adjudication of her guilt, assessed a fine of $2,000, and placed Appellant on community supervision for a term of ten years. Later, the State filed a motion to adjudicate Appellant's guilt and revoke her community supervision. In the motion, the State alleged that Appellant had used methamphetamine, a violation of a term and condition of her community supervision. After a hearing, the trial court entered a "Continuation and Modification Special Condition," in which the trial court ordered that Appellant serve a term in a substance abuse treatment facility.

Years later, the State again filed a motion to adjudicate Appellant's guilt and revoke her community supervision. Once again, the State alleged that Appellant had used methamphetamine. The State also filed an amended motion to adjudicate guilt and revoke community supervision, in which the State added an allegation that Appellant violated a law of this state when she used methamphetamine. After a hearing, the trial court adjudicated Appellant guilty, revoked Appellant's community supervision, and assessed her punishment at confinement for four years and a fine of $1,000.

In Appellant's first issue, she "challenges the validity and voluntariness of her plea of guilt" to the kidnapping charge. In her second issue, Appellant argues that she "was denied Due Process and a fair trial by the failure of the trial court to disqualify the Randall County Criminal District Attorney and his office after the revelation of criminal acts" he and his office allegedly committed. In her third issue, Appellant contends that she "was denied Due Process and a fair trial by the [trial] court's refusal to honor Appellant's notice of appeal invoking the jurisdiction of the Seventh Court of Appeals following [the trial court's] denial of Appellant's Petition For Writ of Habeas Corpus." In Appellant's fourth issue, she argues that she "was

2

denied Due Process and a fair trial by the [trial] court's improper denial of Appellant's motion to quash an amendment to the State's motion to revoke Appellant's probation." In Appellant's fifth issue, she contends that the trial court denied her due process and a fair trial when it "refus[ed] to quash an allegation by its terms insufficient to allow a finding of guilt." In her sixth issue, Appellant contends that she "was denied Due Process and a fair trial through the State's use of illegal . . . wiretaps."

We will first review Appellant's claim that her original guilty plea was involuntary. In *Jordan v. State*, the Court of Criminal Appeals held that a defendant who had originally been placed on deferred adjudication community supervision may not challenge the voluntariness of her guilty plea after an adjudication of guilt. 54 S.W.3d 783, 786 (Tex. Crim. App. 2001); *see Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Instead, the court held that a habeas application is the proper means to pursue such an attack on the voluntariness of the original plea. *Id.* at 786. The exception to that rule is that a defendant may raise a post-adjudication allegation that the judgment in the original plea proceeding is void. *Id.* at 785. However, Appellant does not argue that her original plea was void, nor do we believe that the record reflects a void judgment. *See Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001) (stating that a judgment is void when (1) the charging instrument does not satisfy the constitutional requisites of a charging instrument, (2) the trial court lacked subject matter over the offense charged, (3) the record reflects no evidence to support the conviction, or (4) an indigent defendant is required to face criminal proceedings without appointed counsel when such has not been waived). Accordingly, Appellant must pursue this issue in a habeas application. Appellant's first issue is overruled.

Next, we consider Appellant's complaint that she "was denied Due Process and a fair trial by the failure of the trial court to disqualify the Randall County

3

Criminal District Attorney and his office." Before the trial court held a hearing on the State's motion to adjudicate, Appellant filed both a "Petition to Remove the Randall County Criminal District Attorney" and a "Motion to Disqualify the Randall County Criminal District Attorney and Office". After a hearing, the trial court dismissed the petition and denied the motion. Appellant argues on appeal that her prosecution by the Randall County Criminal District Attorney and his office deprived her of due process as protected by the Fourteenth Amendment of the United States Constitution and Article I, section 19 of the Texas constitution.

The standard of review for disqualification of the prosecutor by the trial court is abuse of discretion. *Landers v. State*, 256 S.W.3d 295, 303 (Tex. Crim. App. 2008). The trial court abuses its discretion when its decision lies "outside the zone of reasonable disagreement." *Apolinar v. State*, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005). A trial court has limited authority to disqualify an elected district attorney and his staff from the prosecution of a criminal case. The office of a district attorney is constitutionally created and protected; thus, the district attorney's authority "cannot be abridged or taken away." *Landers*, 256 S.W.3d at 303–04; *see* TEX. CONST. art. V, § 21; *see State ex rel. Eidson v. Edwards*, 793 S.W.2d 1, 4 (Tex. Crim. App. 1990).

"There is a difference between disqualification and recusal." *Windham v. State*, No. 01-00-00164-CR, 2001 WL 34373311, at *1 (Tex. App.—Eastland June 14, 2001, no pet.) (not designated for publication). A district attorney is responsible for recusing himself in a particular case to avoid conflicts of interest and the appearance of impropriety. *See Coleman v. State*, 246 S.W.3d 76, 81 (Tex. Crim. App. 2008); *Eidson*, 793 S.W.2d at 5. However, "[a] trial court may remove a district attorney for disqualification only if statutorily-defined circumstances are met." *Windham*, 2001 WL 34373311, at *1. Additionally, "[a] defendant is protected from a prosecutor's failure to recuse by the possibility of reversal of his

4

case if the failure to recuse violates due process." *Id.* But, "a due-process violation occurs only when the defendant can establish 'actual prejudice,' not just the threat of possible prejudice." *Goodman v. State*, 302 S.W.3d 462, 467 (Tex. App.— Texarkana 2009, pet. ref'd) (citing *Landers*, 256 S.W.3d at 304–05). "Actual prejudice, for example, would occur if the prosecuting attorney previously personally represented the defendant in 'a substantially related matter' and in that representation obtained 'confidential' information and used it to the defendant's disadvantage." *Id.*

At the hearing on Appellant's petition and motion, Appellant did not present any evidence; rather, she relied on the appendices she had attached to her petition and motion. Those appendices include an affidavit of Appellant, excerpts from a reporter's record, an immunity agreement between Appellant and the district attorney's office for a different offense, a "Register of Actions" for Appellant's kidnapping charge and another charge, and an unidentified document. On appeal, Appellant makes vague allegations that "the State's agents" have "run afoul" of various "statutes and rules." Appellant argues that these appendices "revealed definitively that [the district attorney] and [the district attorney's] agents committed numerous felonies and crimes of moral turpitude in the prosecution of Appellant and her co-defendants, not to mention exposing [the district attorney's] ethical violations," all of which deprived Appellant of her due process. We disagree, and we do not believe Appellant proved any "actual prejudice" that would rise to the level of a due process violation. Therefore, we hold that the trial court did not abuse its discretion when it dismissed and denied Appellant's petition and motion, respectively. Appellant's second issue is overruled.

In her third issue, Appellant argues that she "was denied Due Process and a fair trial by the [trial] court's refusal to honor Appellant's notice of appeal invoking the jurisdiction" of the court of appeals after the trial court denied her petition for

writ of habeas corpus. At the hearing on the State's motion to adjudicate guilt and revoke community supervision, before the trial court heard evidence, the trial court heard arguments on Appellant's petition for writ of habeas corpus. The following exchange took place:

> THE COURT: I'm going to deny any relief on the Application for Writ of Habeas Corpus.
>
> [DEFENSE COUNSEL]: Your Honor, at this time, then we would provide [the] Court with Notice of Appeal.
>
> . . . .
>
> THE COURT: All right. The record will also show that I see that there's been filed a Motion for Continuance of the hearing on the merits of the Motion to Proceed.
>
> So, [defense counsel], if you want to present that motion.
>
> [DEFENSE COUNSEL]: Well, I can, Your Honor, but I believe per 11.072, since your denial of our petition is immediately appealable, I believe that the case now goes up to the Court of Appeals.
>
> THE COURT: Well, okay. I'll deny the Motion for Continuance.
>
> We're going to proceed on the merits of the motion.
>
> [DEFENSE COUNSEL]: Your Honor, I believe since I just filed appeal that - -
>
> THE COURT: You can - - you can take exception . . . .
>
> [DEFENSE COUNSEL]: Okay. Thank you, Your Honor. We do.

Initially, we note that the record does not contain a written notice of appeal from the denial of Appellant's petition for writ of habeas corpus. *See* TEX. R. APP. P. 25.2(c)(1) ("Notice must be given *in writing* and filed with the trial court clerk." (emphasis added)). However, even if Appellant did properly appeal the denial of

6

her petition for writ of habeas corpus, that appeal would not affect the ability of the trial court to hold a hearing on the State's motion to adjudicate guilt and revoke community supervision. *See Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649–50 (Tex. Crim. App. 2005) (holding that "a habeas corpus action is separate from the underlying criminal prosecution"). Therefore, we hold that the trial court did not err when it did not halt the proceedings in the underlying criminal trial. Appellant's third issue is overruled.

As we have said, in her fourth issue, Appellant argues that she "was denied Due Process and a fair trial" by the trial court's denial of her motion to quash the amendment to the State's motion to adjudicate guilt and revoke community supervision. On January 25, 2016, the State filed a motion to adjudicate guilt and revoke community supervision, in which the State alleged that, on December 10, 2015, Appellant admitted that she used methamphetamine on December 5, 2015. On February 23, 2016, the trial court held a hearing on the State's motion to adjudicate and revoke community supervision. During that hearing, the trial court stated, "I'm not going to make any orders that change the existing status of the case at this - - at this time. We're going to postpone any hearing on the - - or postpone hearing on the pending Motion to Revoke, postpone hearing on the motion - - Defense motions filed today." On March 1, 2016, the State filed an amended motion to adjudicate guilt and revoke community supervision, in which the State added an allegation that Appellant's admission that she used methamphetamine on December 5, 2015, constituted another violation of her community supervision, namely, that she "commit no offense against the laws of this State." On April 20, 2016, the trial court held another preliminary hearing. On May 31, 2016, the trial court held a hearing and heard evidence on the State's motion to adjudicate guilt and revoke community supervision.

Article 42A.751(f) of the Texas Code of Criminal Procedure[2] contains this provision: "In a felony case, the state may amend the motion to revoke community supervision at any time before the seventh day before the date of the revocation hearing . . . . The state may not amend the motion after the commencement of taking evidence at the revocation hearing." TEX. CODE CRIM. PROC. ANN. art. 42A.751(f) (West Supp. 2017). Here, the State filed its amended motion to adjudicate on March 1, 2016, more than seven days before the date of the adjudication hearing on May 31, 2016. Additionally, we have reviewed the record, and it does not reflect that the trial court heard evidence on the State's motion to adjudicate guilt and revoke community supervision at any hearing prior to the May 31, 2016 hearing. Therefore, we do not believe that the trial court erred when it denied Appellant's motion to quash the State's amended motion to adjudicate Appellant's guilt and revoke her community supervision. Appellant's fourth issue is overruled.

In Appellant's fifth issue, she argues that she "was denied Due Process and a fair trial by the [trial] court's refusal to quash an allegation by its terms insufficient to allow a finding of guilt." Appellant argues that "an allegation of a single use of a controlled substance" cannot "support a finding that Appellant had failed to avoid injurious or vicious habits."

We review a decision to adjudicate guilt in the same manner as we review a decision to revoke community supervision—for abuse of discretion. CRIM. PROC. art. 42A.108(b); *Little v. State*, 376 S.W.3d 217, 219 (Tex. App.—Fort Worth 2012, pet. ref'd) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)); *see In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.). Here, the State alleged in its amended motion to adjudicate and revoke community

---

[2]We note that, at the time of the hearing, Article 42.12 governed community supervision. However, the legislature recodified certain community supervision laws, effective January 1, 2017, with no substantive changes. Therefore, we refer to Chapter 42A in this opinion.

supervision that Appellant violated two conditions of her community supervision: (1) she used methamphetamine and (2) she violated a law of this state when she used methamphetamine. On appeal, Appellant argues that the latter allegation "should have been quashed and was not properly before the court, meaning that the only allegation the court could have legitimately considered" was the allegation that she used methamphetamine. We have already determined that the trial court properly considered both allegations in the State's amended motion to adjudicate guilt and revoke community supervision. Additionally, "[a] single violation of a probation condition is sufficient to support the trial court's decision to revoke probation" or adjudicate an individual guilty. *Bessard v. State*, 464 S.W.3d 427, 429 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd); *see Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). Therefore, we hold that the trial court did not err when it "refus[ed] to quash an allegation" in the State's motion. Appellant's fifth issue is overruled.

Finally, we address Appellant's argument that she "was denied Due Process and a fair trial by and through the State's use of illegal and inadvertently revealed wiretaps." At trial, Appellant raised her argument—in her petition for writ of habeas corpus—that "evidence has been retrieved from the State's file demonstrating that information to the detriment of [Appellant] and her co-defendants was obtained via illegally wiretapped conversations." As we have already stated, a petition for writ of habeas corpus is separate from an underlying criminal prosecution. *See Greenwell*, 159 S.W.3d at 649–50. Therefore, Appellant must raise this argument in an appeal from her denial of petition for writ of habeas corpus, which is not before this court. Appellant's sixth issue is overruled.

9

We affirm the judgment of the trial court.


JIM R. WRIGHT

SENIOR CHIEF JUSTICE


April 19, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[3]

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.