**Affirmed and Memorandum Opinion filed August 30, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00992-CR

### QUENTIN JEHLONTON WALLACE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1488318**

## M E M O R A N D U M     O P I N I O N

After Appellant Quentin Jehlonton Wallace pleaded guilty to the offense of aggravated assault of a family member, the trial court deferred adjudication of his guilt and placed him on community supervision for two years. The State subsequently moved to adjudicate Appellant's guilt, alleging numerous violations of the conditions of his community supervision. After a hearing, the trial court found Appellant guilty and assessed his punishment at twenty years' confinement. Appellant contends on appeal the trial court abused its discretion when it adjudicated

him guilty because the evidence is insufficient to prove he violated the conditions of his community supervision.  We affirm.

## BACKGROUND

On January 5, 2016, the trial court placed Appellant on community supervision subject to several conditions.  On October 25, 2017, the State filed a third amended motion to adjudicate Appellant's guilt alleging, among others, he committed the offense of possession of a firearm by a convicted felon; he failed to avoid injurious or vicious habits and possessed marijuana; and he failed to pay fees, a fine, and court costs.

At a hearing on the State's third amended motion to adjudicate, Officer Singer of the Houston Police Department testified he and his partner were on patrol on April 23, 2016, when they saw Appellant sitting in the driver's side of his car outside a convenience store.  Appellant's girlfriend was sitting in the passenger seat, and another man was sitting in the backseat behind Appellant.  The two officers walked up to the car and "smell[ed] a strong odor of marijuana coming out of the car." Officer Singer saw "in plain view a Baggie with roughly 7 grams — 7.14 grams of marijuana in the bag" on top of the center console and seized the bag.

Officer Singer searched Appellant's car and discovered a loaded revolver in the back pouch of the driver's seat, and a loaded pistol concealed in the trunk. According to Officer Singer, Appellant denied the weapons were his but admitted the marijuana belonged to him.  Appellant claimed he had bought the car a few days ago "from some dope fiend."  No other drugs were found in the car.  When Officer Singer searched Appellant, Appellant had $6,100 in 100-dollar bills in his pockets which he claimed he received "from a settlement from a car crash."

Appellant's community supervision officer also testified at the hearing.  He

stated Appellant either did not make any payments or was in arrears on the fees, fine, and court costs Appellant was required to pay under the conditions of community supervision. He also stated Appellant failed to complete required community service hours.

After hearing the evidence, the trial court found the following alleged violations of community supervision to be true based on a preponderance of the evidence: Appellant committed an offense against the State of Texas by possessing a firearm after being convicted of a felony offense; Appellant failed to avoid injurious or vicious habits and possessed marijuana; Appellant failed to pay numerous fees, a fine, and court costs; and Appellant failed to complete community service hours. The trial court signed a judgment adjudicating guilt. Appellant timely appealed.

## ANALYSIS

Appellant contends the trial court abused its discretion when it adjudicated him guilty because the evidence is insufficient to prove he violated the conditions of community supervision. Specifically, Appellant contends the State failed to prove by a preponderance of the evidence that he violated the conditions of his community supervision by (1) committing the offense of possession of a firearm by a convicted felon; (2) failing to avoid injurious or vicious habits and possessing marijuana; and (3) failing to pay fees and performing community service hours despite having the ability to do so.

## I. Standard of Review

We review an order revoking community supervision under an abuse of discretion standard. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). To revoke community supervision, the State must prove a violation of a condition

of community supervision by a preponderance of the evidence. *Id.* at 864-65. A preponderance of the evidence is met if the greater weight of the credible evidence creates a reasonable belief that the defendant has violated a condition of probation. *Id.* at 865. The trial court is the exclusive judge of the credibility of the witnesses and determines if the allegations in the motion are sufficiently demonstrated. *Id.* If there is sufficient evidence that Appellant committed any one of several grounds for revocation, we will affirm. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Bessard v. State*, 464 S.W.3d 427, 429 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

## II. Adjudication of Guilt

We begin by addressing Appellant's contention that the evidence is legally insufficient to support the trial court's finding he "violated the community supervision requirement that he avoid injurious or vicious habits" because a single incident of possessing marijuana does not amount to a "habit". *See Morales v. State*, 538 S.W.2d 629, 630 (Tex. Crim. App. 1976). In his brief, Appellant acknowledges he "admitted the marijuana was his" but maintains the State failed to establish a "habit" because it offered no evidence he "ever possessed a controlled substance during his community supervision, except on this one occasion, when police found a plastic bag of . . . marijuana on his car's console."

The complete text of Appellant's community supervision condition number two states: "(2) Avoid injurious or vicious habits. You are forbidden to use, possess, or consume any controlled substance, dangerous drug, marijuana, alcohol or prescription drug not specifically prescribed to you by lawful prescription. You are forbidden to use, consume, or possess alcoholic beverages." And the State's third amended motion to adjudicate guilt alleged Appellant violated a condition of his community supervision by: "Failing to avoid injurious or vicious habits to-wit;

4

[Appellant] did possess a controlled substance, namely, Marijuana on April 23, 2016."

Here, the State alleged a violation of the second sentence of Appellant's community supervision condition number two, namely that Appellant not possess marijuana. Although the State's motion to adjudicate was drafted in terms of a failure to "avoid injurious or vicious habits," it also alleged that Appellant possessed marijuana contrary to condition number two of his community supervision. *See Bessard*, 464 S.W.3d at 428-29 (citing *Chacon v. State*, 558 S.W.2d 874, 876 (Tex. Crim. App. 1977)) (where defendant argued single use of controlled substance was insufficient to prove he violated condition of community supervision related to avoiding harmful and vicious habits, court stated that, although State's motion to adjudicate guilt was drafted in terms of a failure to avoid injurious or vicious habits, it also alleged use of controlled substance contrary to condition of defendant's community supervision); *see also Whitehead v. State*, No. 01-16-00168-CR, 2017 WL 3429954, at *2-3 (Tex. App.—Houston [1st Dist.] Aug. 10, 2017, no pet.) (mem. op., not designated for publication) (same); *Muehr v. State*, No. 04-03-00125-CR, 2004 WL 1159131, at *2 (Tex. App.—San Antonio May 26, 2004, no pet.) (mem. op., not designated for publication) (same); *Walker v. State*, Nos. 14-97-00726-CR & 14-97-00727-CR, 1999 WL 740421, at *2 (Tex. App.—Houston [14th Dist.] Sept. 23, 1999, no pet.) (not designated for publication) (same).

While a single incident of marijuana possession may not be enough to constitute a "habit," a single possession of marijuana is enough to support a finding that Appellant violated the condition of his community supervision forbidding possession of marijuana. *See Bessard*, 464 S.W.3d at 429; *Whitehead*, 2017 WL 3429954, at *3. We already have rejected the argument Appellant makes here in our opinion in *Bessard* in the context of a single use of an illegal drug. *See Bessard*, 464

S.W.3d at 428-29.  Appellant has not pointed to anything that distinguishes the present case from *Bessard* and warrants a different holding here.

The preponderance of the evidence established that Appellant possessed marijuana on April 23, 2016.  Officer Singer testified that Appellant admitted the marijuana found in Appellant's car belonged to him.  And Appellant stated in his brief to this court that he "admitted the marijuana was his."  Accordingly, we hold the trial court did not abuse its discretion in finding true a violation of community supervision condition number two.  We need not address Appellant's other contentions because proof of a single violation of a community supervision condition is sufficient to support a revocation.  *See Garcia*, 387 S.W.3d at 26; *Bessard*, 464 S.W.3d at 429.  We overrule Appellant's issue.

## CONCLUSION

We affirm the trial court's judgment.

/s/     Meagan Hassan
Justice

Panel consists of Justices Christopher, Jewell, and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).

6