**Affirmed and Memorandum Opinion filed January 26, 2023.**



In The

# Fourteenth Court of Appeals

### NO. 14-21-00718-CR

## JOSEPH RANDALL HOLCOMB, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1281755**

## M E M O R A N D U M   O P I N I O N

Appellant Joseph Randall Holcomb complains on appeal that the trial court abused its discretion by revoking his community supervision. Because appellant concedes on appeal that legally sufficient evidence supports one of the allegations in the State's motion to revoke, which supports the trial court's order, we affirm.

## Background

In 2010, the State charged appellant with the third-degree felony offense of assault of a family member by impeding breath. The trial court deferred an adjudication of appellant's guilt and placed appellant on community supervision for a period of eight years. In 2014, appellant was charged with a new offense, indecency with a child, and later arrested in Louisiana. A month later, the State filed a motion to adjudicate guilt, alleging that appellant violated five terms of his community supervision. The State served the motion on appellant in 2019. In 2020, the court held a hearing on the motion, found three allegations true, adjudicated appellant's guilt on the assault of a family member charge, and sentenced appellant to eight years' confinement.

## Analysis

Appellant presents three issues for review. First, he argues that the trial court abused its discretion in ruling that appellant failed to establish a due-diligence affirmative defense. Second, appellant contends that the trial court abused its discretion in finding that appellant committed a new offense of indecency with a child by contact while on community supervision. Third, appellant argues that his trial counsel provided ineffective assistance.

### A. Standard of Review

We review a trial court's decision to revoke deferred adjudication community supervision for an abuse of discretion. *See Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). A trial court has discretion to revoke community supervision if a preponderance of the evidence supports the violation of a condition of the community supervision. *Id.* Proof of a single violation will support the trial court's decision to revoke. *See Garcia v. State*, 387 S.W.3d 20, 26

2

(Tex. Crim. App. 2012); *Bessard v. State*, 464 S.W.3d 427, 429 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). Thus, to prevail an appellant must successfully challenge all the findings that support the revocation order. *See Smith v. State*, 286 S.W.3d 333, 342-43 & n.36 (Tex. Crim. App. 2009); *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. [Panel Op.] 1978).

Under the preponderance standard, the State must prove that the greater weight of credible evidence would create a reasonable belief that the defendant violated a condition of community supervision. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). This standard "has been described as a review for whether there is 'more than a scintilla' of evidence." *Id.* (quoting *Jelinek v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010)). The standard is not met when the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence or when the factfinder must guess whether a vital fact exists. *Id.* The trial court is the sole judge of the credibility of the witnesses and the weight to be given to the testimony. *Id.*

**B.      Legally Sufficient Evidence Supports Revocation**

Appellant's community supervision was subject to the following conditions:

(1) **Commit no offense** against the laws of this or any other State or of the United States.

(2) **Avoid injurious or vicious habits**. You are forbidden to use, possess, or consume any controlled substance, dangerous drug, marijuana, alcohol or prescription drug not specifically prescribed to you by lawful prescription. **You are forbidden to use, consume, or possess alcoholic beverages**.

(7) **Work faithfully** at suitable employment and present written verification of employment (including all attempts to secure employment) to your Community Supervision Officer on each reporting date. You must notify HCCS&CD within 48 hours of any change in your employment status.

(8) Remain within a specified place, to-wit: **Harris County/Chambers County**, Texas. You may not travel outside of Harris County/Chambers County, Texas unless you receive prior written permission from the Court through your Community Supervision Officer. You must notify HCCS&CD **prior to any change of residence**. **YOU ARE ALLOWED TO TRAVEL TO PORT ARTHUR, TEXAS FOR EMPLOYMENT PURPOSES ONLY.**

(12) Pay the following fees through HCCS&CD as specified herein. . . .

> 12.1 Pay a **Supervision Fee** at the rate of **$40.00** per month for the **duration** of your community supervision beginning **01/18/2011** to HCCS&CD.

The State alleged that appellant violated the conditions of his community supervision by: committing the offense of sexual contact with a child; possessing alcohol; failing to work faithfully and provide written proof of employment for the months of November and December 2013 and January, February, May, June, and July 2014; failing to remain within Harris County as evidenced by his arrest in Louisiana; and failing to pay the required supervision fees. At the revocation hearing, the trial court orally pronounced that it found true the allegations that appellant committed a new offense, that appellant failed to work faithfully, and that appellant failed to remain within a specified place.

On appeal, appellant argues that the trial court erred in finding true the allegation that appellant committed the offense of sexual contact with a child. However, appellant concedes in his brief that the evidence supports the trial court's finding that he failed to work faithfully: "Appellant does not contest that the trial court had discretion to revoke his community supervision on this ground." Indeed, a witness at the hearing testified that appellant failed to provide a payment stub for November and December 2013, despite claiming to be employed, and that appellant reported being unemployed in January, February, May, June, and July

4

2014. This evidence was undisputed. Thus, the record supports the trial court's finding that appellant violated a condition of his community supervision on at least one ground alleged by the State.

Proof of a single violation will support the trial court's decision to revoke a defendant's community supervision. *See Garcia*, 387 S.W.3d at 26. Even assuming appellant is correct that the State failed to prove that he violated the conditions of community supervision by committing the offense of sexual contact with a child, the record supports the trial court's finding on another violation asserted by the State. Thus, appellant has not demonstrated that the trial court abused its discretion in revoking appellant's community supervision and proceeding to an adjudication of guilt, and we overrule his second issue.

## C. Remaining Issues Are Moot

In his first and third issues, appellant argues that he proved a due-diligence affirmative defense and that his trial counsel was ineffective for eliciting testimony that appellant was convicted of indecency with a child. Neither one of these arguments, even if meritorious, changes the result.

At the hearing, appellant elicited testimony from a witness that the State did not make any efforts to serve appellant with the motion to adjudicate guilt for five years. Appellant testified that he was in prison, and thus easily located, for four years while the motion was pending. Appellant argued that the State failed to exercise due diligence in serving the motion, which is an affirmative defense under the Code of Criminal Procedure.

Appellant misapprehends the scope of the defense. Article 42A.756 states:

> [I]t is an affirmative defense to revocation for an alleged violation based on a failure to report to a supervision officer as directed or to remain within a specified place that no supervision officer, peace

officer, or other officer with the power of arrest under a warrant issued by a judge for that alleged violation contacted or attempted to contact the defendant in person at the defendant's last known residence address or last known employment address, as reflected in the files of the department serving the county in which the order of community supervision was entered.

Tex. Code Crim. Proc. art. 42A.756.

This defense applies only to revocations involving allegations of failure to report or failure to remain within a specified place; it is not a general defense to all allegations justifying revocation. *See, e.g.*, *Jones v. State*, No. 06-21-00140-CR, 2022 WL 1434117, at *3 (Tex. App.—Texarkana May 6, 2022, no pet.) (mem. op., not designated for publication); *Bravo v. State*, No. 04-17-00698-CR, 2018 WL 3129444, at *3 (Tex. App.—San Antonio June 27, 2018, no pet.) (mem. op., not designated for publication). And while the trial court found true the allegation that appellant failed to remain within a specified place, that is not the allegation on which we affirm the judgment, so appellant's first issue is moot. *State v. Plambeck*, 182 S.W.3d 365, 367 n.10 (Tex. Crim. App. 2005) ("A court is not required to address issues that become moot because of the resolution of other issues."); *Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975) ("Since the other finding upon which probation was revoked is unchallenged, appellant's contention, even if correct, would not show an abuse of discretion.").

Appellant also argues that his trial counsel provided ineffective assistance by eliciting testimony during the hearing that supported the State's allegation that appellant committed the offense of sexual contact with a minor. Again, this is not the allegation on which we affirm, so we need not reach appellant's third issue. *See Bessard*, 464 S.W.3d at 429.

We overrule appellant's first and third issues.

## Conclusion

We affirm the trial court's judgment.


/s/     Kevin Jewell
        Justice


Panel consists of Justices Jewell, Bourliot, and Zimmerer.

Do Not Publish — Tex. R. App. P. 47.2(b).