

# NUMBER 13-23-00419-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

NATHAN ROSS RIEWE,                                            **Appellant,**

**v.**

THE STATE OF TEXAS,                                          **Appellee.**

## ON APPEAL FROM THE 2ND 25TH DISTRICT COURT
## OF GONZALES COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Silva**
**Memorandum Opinion by Justice Tijerina**

Appellant Nathan Ross Riewe pleaded guilty to the third-degree felony offense of unlawful possession of a firearm by a felon. *See* TEX. PENAL CODE ANN. § 46.04(a), (e). Appellant pleaded guilty to the charged offense, and the trial court accepted the plea, found appellant guilty, sentenced appellant to ten years' confinement, suspended the sentence, and placed appellant on community supervision for a term of four years. The

State filed a motion to revoke, and at the hearing, appellant pleaded "true" to several allegations in the motion.[1] The trial court revoked appellant's community supervision, adjudicated him guilty, and sentenced him to ten years' imprisonment. *See id.* § 12.34(a) (setting out the punishment range for a third-degree felony). Appellant's court-appointed counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm the trial court's judgment as modified.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510

---

[1] Specifically, appellant pleaded true to, among other things, the State's allegations five and six stating that he violated the terms of community supervision by testing positive for methamphetamines on two occasions. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) (explaining that "proof of a single violation will support revocation"); *see also Golka v. State*, No. 13-22-00535-CR, 2023 WL 5439789, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 24, 2023, no pet.) (mem. op., not designated for publication) ("Proof of a single violation will support a trial court's order revoking community supervision." (first citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); and then citing *Bessard v. State*, 464 S.W.3d 427, 429 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd))).

n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Appellant's counsel also informed this Court in writing that he: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his right to file a pro se response, to review the record prior to filing a response, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09. An adequate amount of time has passed, and appellant has not filed a pro se response.

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule

3

of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

### III.    MODIFICATION OF THE JUDGMENT

The trial court's judgment states that appellant pleaded "true" to the State's allegations "5-7"; however, appellant pleaded "not true" to the State's allegation seven. We have the power to modify a judgment to speak the truth when we are presented with the necessary information to do so. *See Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment to reflect that appellant pleaded "not true" to allegation seven.[2]

### IV.    MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motion to withdraw. Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[2] The judgment correctly reflects that appellant pleaded "true" to allegations five, six, nine through ten" and "not true" to allegations three, four, eight, eleven, twelve, and seventeen. The State abandoned allegations one, two, thirteen, fourteen, fifteen, and sixteen.

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

## V. CONCLUSION

We affirm the trial court's judgment as modified.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
25th day of April, 2024.

5